FILED

1   **DESAI LAW FIRM, P.C.**
    Aashish Y. Desai, Esq. (SBN 187394)
2   8001 Irvine Center Drive, Suite 1450    2012 MAY -2  PM 2:58
    Irvine, CA 92618
3   Telephone:  (949) 842-8948    CLERK U.S. DISTRICT COURT
    Facsimile:   (949) 271-4190    CENTRAL DIST. OF CALIF.
4   aashish@desai-law.com    SANTA ANA

5   Attorneys for Plaintiffs    BY _____

6

7               **UNITED STATES DISTRICT COURT**

8               **CENTRAL DISTRICT OF CALIFORNIA**

9   MICHAEL BURNHAM, FERNANDO    )   CASE NO. **SACV12 - 0688 AG (ANx)**
    CASTILLO, NEVA CRAWFORD,    )
10  RICKY CRAWFORD, TED DAY, JOHN    )
    GUGLER, CHARLES HOWLETT,    )   **CLASS ACTION COMPLAINT**
11  EDUARDO JIMENEZ, BILL    )
    MCMAHON, JODY PAULSON,    )
12  ROBERT ROJAS, TODD SHOOK,    )
    TONY SKIRROW, DANTE STEWARD,    )   **COMPLAINT FOR:**
13  SALVADOR BUCIO SUAREZ AND    )
    DANIEL WARE, on behalf of themselves    )
14  and all others similarly situated, and on    )   **(1)   VIOLATION OF CAL. LABOR**
    behalf of all other "aggrieved" employees,    )   **CODE SECTION 2699**
15                                              )
                     Plaintiffs,    )
16                                              )   **(2)   UNFAIR COMPETITION UNDER**
              vs.    )   **BUSINESS & PROFESSIONS**
17                                              )   **CODE SECTION 17200**
    RUAN TRANSPORTATION, an Iowa    )
18  Corporation, and DOES 1-10, inclusive,    )
                                              )   **(3)   WAITING TIME PENALTIES**
19                   Defendants.    )   **UNDER CAL. LABOR CODE**
                                              )   **SECTIONS 201-203**
20                                              )
                                              )
21                                              )
                                              )
22                                              )
                                              )
23                                              )
                                              )
24                                              )
                                              )
25                                              )
                                              )
26                                              )
                                              )
27                                              )
                                              )
28                                              )

1    Plaintiffs Michael Burnham, Fernando Castillo, Neva Crawford, Ricky
2    Crawford, Ted Day, John Gugler, Charles Howlett, Eduardo Jimenez, Bill
3    McMahon, Jody Paulson, Robert Rojas, Todd Shook, Tony Skirrow, Dante
4    Steward, Salvador Bucio Suarez, and Daniel Ware, on behalf of themselves and all
5    others similarly situated, and on behalf of all other aggrieved employees
6    ("Plaintiffs"), hereby file this Complaint against Defendants Ruan Transportation
7    ("RUAN") and DOES 1-10 (hereinafter collectively referred to as "Defendants").
8    Plaintiffs are informed and believe, and on that basis, allege as follows:

9        Plaintiffs bring this action on behalf of themselves and all aggrieved
10   employees against Defendants for their failure to pay Plaintiffs for performing
11   certain work, including work done before and after shifts and time spent waiting for
12   clients; their failure to provide mandated timely meal periods to truck drivers; their
13   failure to pay truck drivers for missed and untimely meal periods; their failure to
14   reimburse Plaintiffs for necessary expenditures; their failure to issue accurate
15   itemized wage statements to Plaintiffs; and their failure to pay Plaintiffs' wages due
16   upon termination of employment.  As a result, Defendants have violated California
17   statutory law as described below.

18
19                              **INTRODUCTION**

20       1.   For over 50 years, California's courts and legislature have recognized
21   that this State's wage-and-hour laws serve a compelling public interest of fostering
22   a stable job market.  Wages are not ordinary debts.  Because of the economic
23   position of the average worker and his or her family, it is essential to the public
24   welfare that employers obey the wage-and-hour laws so that employees are
25   promptly paid the minimum wages that the Legislature has dictated as being due to
26   employees.  So fundamental are California's wage and hour laws, that the
27   legislature has criminalized certain employer conduct, which violates those laws.
28   / / /

2.     This lawsuit arises out of an ongoing wrongful scheme by RUAN to unlawfully deprive certain of its employees the minimum benefits required by California's wage-and-hour laws.

3.     Plaintiffs previously worked for, continue to work for, or in the future will be employed by RUAN in the State of California as truck drivers. Defendants employed Plaintiffs to deliver food products to various clients throughout California.

4.     Since at least May 2008 to the present, Plaintiffs have suffered common financial harm as their employer RUAN has violated, and continues to violate, (i) multiple provisions of California's wage-and-hour laws including, but not limited to, Labor Code §§ 203, 204, 226, 226.7, 512, and 1197, 1198; (ii) the Unfair Competition Law ("UCL") codified in California Business & Professions Code §§ 17200, et seq.; and (iii) Industrial Welfare Commission Wage Order 9, which is incorporated into the California Code of Regulations. More specifically, RUAN failed to separately compensate Plaintiffs for all hours worked, including pre and post-shift time and waiting for their customers, denied statutorily-mandated compensation for missed meal and rest breaks, and also fails to provide accurate itemized wage statements as required by California law. Accordingly, Plaintiffs seek to recover (i) compensation for unpaid wages; (ii) compensation for missed meal-and-rest periods; (iii) civil penalties and/or damages for failure to provide accurate, itemized wage statements; (iv) waiting-time penalties; (v) injunctive and other equitable relief; (vi) attorneys' fees and costs; and (vii) penalties pursuant to the Private Attorney General Act ("PAGA").

## RUAN'S WRONGFUL WORKPLACE CONDITIONS

5.     From at least May 2008 to the present, RUAN has maintained illegal work policies that uniformly affect the Plaintiffs. These policies require, encourage, and permit Plaintiffs to perform their work in violation of California

labor laws under the following unlawful conditions:

      a.    Work and perform duties for which they did not receive any compensation;

      b.    Work in excess of 5 hours per day without taking a full and uninterrupted off-duty meal break of at least one-half hour in a timely fashion, and work in excess of 10 hours per day without taking a second full and uninterrupted off-duty meal break of at least one half hour; and

      c.    Not permitting Plaintiffs to take 10-minute rest breaks as required by California law.

6.    RUAN has further required Plaintiffs to:

      a.    Work without being provided timely itemized statements accurately showing the Plaintiffs' total hours worked, as well as meal-and-rest break premiums;

      b.    Work without their employer maintaining accurate payroll records showing the actual hours worked daily by Plaintiffs; and

      c.    Work without being paid full compensation owed in a prompt and timely manner upon termination of employment.

## STATUTORY DAMAGES OWED TO PLAINTIFFS AND LWDA UNDER PAGA

7.    Based on the above, Plaintiffs are owed at least the following by Defendants:

      a.    *Unpaid Wages:* California Labor Code §§ 204 and 1197 require RUAN to pay Plaintiffs the contract wage (or at least minimum wage) for all wages due. Plaintiffs were not paid for non-driving work they were required to perform and, as such, are owed wages for this work. This unpaid work includes waiting for a client to accept the delivery and down-time, such as the time the Plaintiffs spend waiting for the loads to be unloaded. RUAN does not separately pay for the time

1   Plaintiffs spend at mandatory weigh stations, or when they breakdown and need

2   rescue.  Additionally, RUAN does not pay for so-called "delay time" nor does it

3   adequately compensate Plaintiffs when they show-up at the yard for their scheduled

4   work time but no trucks are immediately available.  Moreover, RUAN does not

5   adequately or separately pay the Plaintiffs for all the time they spend performing

6   pre- and post-shift work they are required to do, such as safety inspections,

7   gathering the manifests, and finding their truck and trailer.  This work generally

8   takes Plaintiffs between thirty minutes to one hour but Plaintiffs are not separately

9   paid for this work; rather, RUAN considers these duties as "part of the job" which

10  are somehow compensated by either a flat day rate or piece rate for "all hours

11  worked" regardless of how much time they actually spend performing these tasks.

12  *Cardenas v. McLane Foodservice, Inc.*, 796 F.Supp.2d 1246 (C.D. Cal. 2011)

13  (granting truck drivers' motion for summary judgment of pre and post-shift claims

14  where employer paid with piece rate wages for "all hours worked").  The failure to

15  provide all wages due constitutes a violation of PAGA and entitles Plaintiffs to

16  statutory penalties under Cal. Labor Code §§ 558 and 2699, *et seq.*

17       b.   *Lost Meal Period Pay:*  California Labor Code §§ 226.7 and 512

18  and the applicable Wage Order require RUAN to provide Plaintiffs full and

19  uninterrupted off-duty meal periods.  For each day Plaintiffs did not take lawful

20  meal periods, they are owed an additional hour of pay at their regular rate.  The

21  failure to provide meal periods constitutes a violation of PAGA and entitles

22  Plaintiffs to statutory penalties under Cal. Labor Code §§ 558 and 2699 *et seq.*

23       c.   *Lost Rest Period Pay:*  California Labor Code §§ 226.7 and 512

24  and the applicable Wage Order require RUAN to authorize and permit Plaintiffs to

25  take full and uninterrupted rest periods.  For each day Plaintiffs were not authorized

26  and permitted to take lawful rest periods, they are owed an additional hour of pay at

27  their regular rate.   The failure to provide rest periods constitutes a violation of

28  PAGA and entitles Plaintiffs to statutory penalties under Cal. Labor Code §§ 558

1    and 2699 *et seq.*

2            d.      *Failure to Provide Accurate Itemized Wage Statements:*  Since
3    at least May 2008, RUAN has not furnished each of the Plaintiffs with timely
4    itemized wage statements accurately showing total hours worked by each such
5    Plaintiff, as required by Labor Code § 226, as well as meal-and-rest break
6    premiums.  Accordingly, RUAN owes each Plaintiff $50 for the initial pay period
7    in which RUAN failed to provide a statement showing total hours worked (and
8    other required information) and $100 for each subsequent pay period, up to a total
9    of $4000.  The failure to provide accurate, itemized wage statements constitutes a
10   violation of PAGA and entitles Plaintiffs to statutory penalties under Cal. Labor
11   Code §§ 558 and 2699, *et seq.*

12           e.      *Failure to Reimburse for Necessary Expenditures:*  California
13   Labor Code § 2802 provides that "an employer shall indemnify his or her employee
14   for all necessary expenditures or losses incurred by the employee in direct
15   consequence of the discharge of his or her duties, or of his or her obedience to the
16   directions of the employer, even though unlawful, unless the employee, at the time
17   of obeying the directions, believed them to be unlawful."  RUAN has failed to
18   indemnify Plaintiffs for certain expenditures required for work.    Specifically
19   Plaintiffs are required to purchase their own coolers to keep samples of the milk
20   they deliver to RUAN's customers.  These coolers cost $10-15 each.  The failure to
21   provide reimbursements to the Plaintiffs for these costs constitutes a violation of
22   PAGA and entitles Plaintiffs to statutory penalties under Cal. Labor Code §§ 558
23   and 2699, *et seq.*

24           f.      *Failure To Timely Pay Former Employees:*  Since at least May
25   2008, RUAN has willfully failed and refused, and continues to fail and refuse, to
26   timely pay wages due for missed meal and rest period and work performed without
27   compensation to those Plaintiffs whose employment was concluded.  Accordingly,
28   these former employees are entitled to statutory penalties under Labor Code §§

201-203. The failure to pay all wages due to Plaintiffs who have ended their employment with RUAN constitutes a violation of PAGA and entitles Plaintiffs to statutory penalties under Cal. Labor Code §§ 558 and 2699, *et seq.*

## THE PARTIES

8.     Plaintiffs worked, or currently work, for RUAN as truck drivers during the applicable liability period and were subject to the unlawful workplace conditions detailed above. The Plaintiffs' job responsibilities included making deliveries to businesses located throughout California. On a daily basis throughout their employment, Plaintiffs were not properly compensated by RUAN for all hours worked, nor were they compensated for missed, untimely, and on-duty meal and break periods. In addition, Plaintiffs were not separately paid for certain, non-driving work they were required to perform.

9.     RUAN is an Iowa company with its principal place of business in Iowa. It is located in Des Moines, Iowa. RUAN is liable for the claims asserted herein because (1) it has purposefully directed the activities of the Plaintiffs all of which are in California, and it has purposefully availed itself of the privileges of conducting business in California; (2) the claims in this lawsuit arise out of its business practices in California; (3) and jurisdiction over RUAN is fair and reasonable.

10.     RUAN employed Plaintiffs at all times relevant to this lawsuit. RUAN has distribution centers throughout California. RUAN has over 160 locations nationwide, including at least twenty distribution centers in California in the following cities: Rialto, French Camp, Madera, Los Banos, Tulare, Ripon, Acampo, Victorville, Orland, Mira Loma, Petaluma, Los Angeles, Turlock, San Francisco, City of Industry, Santa Fe Springs, South Gate, Fresno, Pomona, and Sacramento. RUAN is a transportation services company that provides delivery

1  services for businesses throughout California and contracts with business in

2  California.

3     11.  The claims in this lawsuit directly arise from RUAN's business

4  practices in California. But for RUAN doing business in California, employing

5  Plaintiffs, and contracting with businesses in California, the wage and hour

6  violations that Plaintiffs alleged would not have occurred.

7     12.  Imposition of jurisdiction on RUAN is fair and reasonable since it

8  conducts business in California, employ Plaintiffs, and has distribution centers in

9  California. Furthermore, all Plaintiffs are located in California and given

10 California's extensive legal protections for California employees, California has an

11 interest in adjudicating this dispute.

12    13.  From at least four years prior to filing this complaint until the present,

13 Plaintiffs did not receive a duty-free, thirty-minute meal break commencing on or

14 before the fifth hour of work, nor did they receive any duty-free thirty-minute meal

15 breaks during their shifts, which often lasted 12 hours or more. Nor have Plaintiffs

16 received pay for certain work performed before and after their shifts.

17    14.  Plaintiffs sue Defendants DOES 1 through 10 under fictitious names.

18 Their true names and capacities, whether individual, corporate, associate or

19 otherwise, are unknown to Plaintiffs. When Plaintiffs ascertain their true names

20 and capacities, they will seek permission from this Court to amend the Complaint to

21 insert the true names and capacities of each fictitiously named defendant. Plaintiffs

22 are informed and believe that each of these fictitiously named defendants is

23 responsible in some manner for the occurrences alleged herein, and that these

24 defendants directly and proximately caused Plaintiffs' damages.

25    15.  On information and belief, at all times relevant to this Complaint,

26 Defendants, including the fictitiously named defendants, were the servants,

27 employees, joint employers, integrated employers, alter egos, successors-in-interest,

28 subsidiaries, affiliated companies or corporations, and joint venturers of the other

1    Defendants, and were, as such, acting within the course, scope and authority of each

2    other Defendant.  Plaintiffs further allege on information and belief that each of the

3    Defendants acted in concert with, and with the consent of, each of the other

4    Defendants, and that each of the Defendants ratified or agreed to accept the benefit

5    of the conduct of each of the Defendants.

6

7                              **JURISDICTION AND VENUE**

8            16.    Plaintiffs and the other unnamed aggrieved employees were employees

9    of RUAN within the State of California and were subject to the unlawful policies at

10   some point during the past four years.

11           17.    This Court has jurisdiction over Plaintiffs' claims for injunctive relief

12   and restitution of unpaid wages and other ill-gotten benefits arising from RUAN's

13   unlawful and/or unfair business practices under Business & Professions Code §§

14   17200, *et seq.* and penalties under PAGA, because there is complete diversity of

15   citizenship and damages likely exceed $75,000 for each Plaintiff.

16           18.    Venue is proper in this judicial district, pursuant to Code of Civil

17   Procedure §§ 395 and 395.5 because one or more of the Defendants have not

18   designated a principal place of business in California.  Many of the violations take

19   place in Orange County.  Moreover, the unlawful acts alleged herein have a direct

20   effect on Plaintiffs and those similarly situated within the State of California and

21   within Orange County.

22

23                              **FACTUAL BACKGROUND**

24           19.    Defendant operates, and at all times during the applicable statutory

25   periods, has done business in Orange County, California and elsewhere within

26   California.

27   / / /

28   / / /

20.    The practices and policies that are complained of herein were enforced against Plaintiffs employed by RUAN in California during the relevant liability period.

21.    Plaintiffs are covered, or were covered by, California IWC Wage Order No. 9.[1]

22.    Since at least May 2008, Plaintiffs have been required to perform certain non-driving work before and after their shifts for which they did not receive any compensation.   For example, Plaintiffs are required to perform safety inspections and pre-shift assignments.  This work generally takes between thirty minutes to one hour but Plaintiffs are only paid a piece rate (for performing other tasks such as dropping off cases, making stops, or traveling miles) regardless of how much time they spend performing these tasks.  Additionally, Plaintiffs are not paid for the time they spend waiting for clients to arrive and accept the delivery of goods, and then unload the trucks.  RUAN has a policy of refusing to pay Plaintiffs for all of the time they spend waiting for clients and waiting for the trucks to be unloaded.  RUAN has known these facts and has required Plaintiffs to perform this work without compensation.

23.    Since at least May 2008, Plaintiffs have regularly worked in excess of 5 hours a day without being afforded full and uninterrupted off-duty meal periods of at least a one-half hour in which they were relieved of all duties.  They have also regularly worked at least 10 hours a day without receiving a second full and uninterrupted off-duty meal period of at least one-half hour in which they were relieved of all duties.  RUAN has known these facts and permitted, encouraged, or required Plaintiffs to forego these meal periods without compensating them for the missed meal periods.  Plaintiffs do not fall within any exemption to the meal and rest period requirements of the Labor Code and the Wage Order.

---

[1]  By virtue of RUAN's employment of drivers operating within California, RUAN is and was at all relevant times subject to IWC Wage Order No. 9.

24.     Since at least May 2008, RUAN has also failed to indemnify Plaintiffs for certain expenditures required for work.  Plaintiffs are required to purchase their own coolers to keep samples of the milk they deliver to RUAN's customers.  These coolers cost $10-15 each.   Labor Code § 2802 provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." RUAN is liable for the costs of these expenditures plus interest, and attorneys' fees.

25.     Since at least May 2008, Plaintiffs have regularly worked over a four-hour period (or major fraction thereof) without RUAN authorizing and permitting them to take a paid 10-minute rest period.  RUAN has known these facts and suffered, permitted, encouraged, or required Plaintiffs to forego these rest periods. Plaintiffs do not fall within any exemption to the rest period requirements of the Labor Code and the Wage Order.

26.     Since May 2008, RUAN has failed to furnish each Plaintiff with timely itemized wage statements accurately showing total hours worked, meal-and-rest break premiums and other information required to be disclosed by California law.

27.     Since at least May 2008, RUAN has failed to keep payroll records showing the actual hours worked daily by the Plaintiffs.

28.     Since at least May 2008, RUAN has violated the UCL by the violations of California law as described above.

29.     Since at least May 2008, RUAN has violated the PAGA by the violations of California Labor Code as described above.

30.     As a direct result of RUAN's unlawful conduct, Plaintiffs have been deprived of wages, payment for missed meal and rest breaks, and other legal protections to which they are entitled under California's wage-and-hour laws.

1       31.    At all relevant times, RUAN was, and is, legally responsible for all of

2   the unlawful conduct, policies, practices, acts and omissions as described in each

3   and all of the foregoing paragraphs as the employer of Plaintiffs.  Further, RUAN is

4   responsible for each of the unlawful acts or omissions complained of herein under

5   the doctrine of "respondeat superior."   The conduct of RUAN's managers and

6   supervisors was at all relevant times undertaken as employees of RUAN, acting

7   within the scope of their employment or authority in all of the unlawful activities

8   described in each and all of the foregoing paragraphs.

9

10                                    **RULE 23 CLASS ACTION ALLEGATIONS**

11       32.    As a result of RUAN's misconduct, Plaintiffs seek monetary damages,

12   restitution and civil penalties.  Plaintiffs bring this action on behalf of themselves

13   and all others similarly situated as a class action or arbitration pursuant to Federal

14   Rules of Civil Procedure Rule 23.  The Class that Plaintiff seeks to represent is

15   composed of and defined as follows:

16                     **All current and former California-based Truck**

17                     **Drivers employed by RUAN from May 2008 until**

18                           **the trial of this matter.**

19       33.    Throughout  discovery  in  this  litigation,  Plaintiffs  may  find  it

20   appropriate and/or necessary to amend the definition of the Class and Subclasses.

21   In any event, Plaintiffs will formally define and designate a class definition at such

22   time when Plaintiffs seek to certify the Class and Subclasses.

23       34.    This action has been brought and may properly be maintained as a

24   class action under Federal Rules of Civil Procedure Rule 23 because there is a well-

25   defined community of interest in the litigation and the proposed class is easily

26   ascertainable:

27   / / /

28   / / /

a.   *Numerosity*:  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believes that RUAN has employed at least 100 people as Truck Drivers in California during the Class Period.

b.   *Commonality*:  There are questions of law and fact common to the Plaintiffs and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include without limitation:

i.   Whether RUAN violated Business and Professions Code Section 17200 by failing to pay adequate compensation to its Truck Drivers for all the hours they worked.

ii.   Whether RUAN violated Wage Order No. 9-2001 and Labor Code Sections 226.7 and 512 by failing to afford (or discouraging) Truck Drivers proper meal and rest periods.

iii.   Whether RUAN violated Wage Order No. 9-2001 and Labor Code Sections 226 and 1174 by failing to keep accurate records of employees' hours of work, the beginning and end of each work period, meal periods, gross wages earned, and net wages earned.

iv.   Whether RUAN violated Labor Code Section 1174 by failing to keep accurate records of employees' hours of work.

v.   Whether RUAN violated Labor Code Section 226 by failing to timely furnish each Truck Driver with a statement accurately showing the total hours the Truck Driver worked each pay period.

vi.   Whether RUAN violated Business and Professions Code Section 17200 by failing to timely furnish each Truck Driver with a statement accurately showing the total hours the Truck Drivers worked each pay period.

/ / /

1          vii.    Whether RUAN violated Labor Code § 201-203 by
2  failing to pay all wages due and owing at the time that Plaintiffs' and other Class
3  Members' employment with RUAN was terminated.

4          viii.    Whether RUAN violated Business and Professions Code
5  Section 17200 by failing to pay all wages due and owing at the time that Plaintiffs'
6  and other Class Members' employment was terminated with RUAN.

7          ix.    Whether RUAN violated Labor Code Section 226 by
8  failing to timely furnish Plaintiffs and each Class Member with a statement
9  accurately showing the total hours worked each pay period, the net wages earned,
10  and gross wages earned.

11          x.    Whether RUAN violated Business and Professions Code
12  Section 17200 by failing to timely furnish Plaintiffs and each Class Member with a
13  statement accurately showing the total hours worked each pay period, the net
14  wages earned, and gross wages earned.

15          xi.    What were the policies, practices, programs, procedures,
16  protocols, and plans of RUAN regarding payment of all wages for all hours
17  worked by Truck Drivers.

18          xii.    What proof of hours is sufficient where RUAN
19  intentionally failed to maintain time records.

20          c.    *Typicality*:  Plaintiffs' claims are typical of the claims of the
21  Class.  Plaintiffs and all members of the Class sustained injuries and damages
22  arising out of and caused by RUAN's common course of conduct in violation of
23  law as alleged herein.

24          d.    *Adequacy Of Representation*:  Plaintiffs are Class Members and
25  will fairly and adequately represent and protect the interests of the Class Members.
26  Counsel who represent the Plaintiffs are competent and experienced in litigating
27  large wage-and-hour class actions.

28  / / /

e.   *Superiority Of Class Action*:   A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class Member has been damaged and is entitled to recovery by reason of RUAN's illegal policies and practices.   Even if every individual Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the court in which the individual litigation of the numerous cases would proceed.  Individualized litigation would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  In addition, if each individual Class Member was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual Class Member with Defendants' vastly superior financial and legal resources.   By contrast, the conduct of this action as a class action presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class Member.  Plaintiff anticipates no difficulty in the management of this action as a class action since the unlawful conduct at issue is the same with respect to all Class Members.

35.   The prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to such adjudication or that would substantially impair or impede the ability of such non-party Class Members to protect their interests.

36.   The prosecution of individual actions by Class Members could establish inconsistent standards of conduct for RUAN.

/ / /

15

37.   RUAN has acted, or refused to act, in respects generally applicable to the Class as a whole, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the class as a whole, as requested herein.   Likewise, RUAN's conduct as described above is unlawful, continuing, and capable of repetition and will continue unless restrained and enjoined by the Court.

## FIRST CAUSE OF ACTION

### (Violation of the Private Attorney General Act

### (Cal. Labor Code §§ 2699, *et seq.*))

38.   Plaintiffs repeat and reallege each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

39.   The Private Attorney General Act ("PAGA"), Cal. Labor Code § 2699, *et seq.*, allows an aggrieved employee to bring suit against an employer for violations of most Labor Code provisions.   These Labor Code violations include the requirements to provide accurate itemized wage statements and keep payroll records pursuant to Labor Code §§ 226, 226.3, 1174, 1174.5; to provide adequate meal and rest periods pursuant to Labor Code §§ 226.7, 512; to pay all wages due pursuant to Labor Code §§ 204, 1197, and 1198; and waiting time penalties for failure to pay all waged due under Labor Code § 201.

40.   RUAN's acts constitute continuing and ongoing unlawful activity prohibited by the California Labor Code and therefore, these acts constitute violations of the PAGA.

41.   Plaintiffs have provided notice of these violations pursuant to Cal. Labor Code § 2699.3 and have specifically asked the California Labor & Workforce Development Agency if it intends to investigate the alleged violations. A true and correct copy of this letter is attached as Exhibit 1 to this Complaint. Shortly after sending this letter, Plaintiffs' Counsel received notification from the California Labor & Workforce Development Agency that it does not intend to

1    investigate the alleged violations and therefore the Plaintiffs are entitled to
2    prosecute their Private Attorney General Act ("PAGA") claims under Cal. Labor
3    Code § 2699, *et seq.*  A true and correct copy of this letter is attached as Exhibit 2
4    to this Complaint.

5        42.    RUAN's conduct of requiring Plaintiffs to work without providing
6    accurate itemized wages statements and payroll records, failing to pay for all hours
7    worked, including non-driving time, and without providing adequate meal and rest
8    periods directly violates state law, constitutes violations of the PAGA.

9        43.    Therefore, under the provisions of PAGA and Labor Code §§ 201-203,
10   204, 226, 226.7, 512, 1174, 1174.5, 1194,1197, 1198, and 2699, RUAN is liable for
11   the following penalties and damages:

12       44.    For its failure to provide uninterrupted off-duty meal and rest periods,
13   RUAN is liable to all Plaintiffs for one hour of additional pay at the regular rate of
14   compensation for each workday that the full and uninterrupted, off-duty rest and
15   meal period were not provided.  RUAN is also liable for civil penalties pursuant to
16   Labor Code §§ 558 and 2699 as follows: for any initial violation, $50.00 for each
17   Plaintiff for each pay period during which the Plaintiff was not provided proper
18   meal and rest breaks; and for each subsequent violation, $100.00 for each Plaintiff
19   for each pay period during which the Plaintiff was not provided proper meal and
20   rest breaks.

21       45.    For RUAN's failure to pay wages due, Plaintiffs are entitled to recover
22   such amounts, plus interest thereon, attorney's fees and costs.  RUAN is also liable
23   for civil penalties pursuant to Labor Code §§ 558 and 2699 as follows: for any
24   initial violation, $50.00 for each Plaintiff for each pay period during which the
25   Plaintiff was not provided proper meal and rest breaks; and for each subsequent
26   violation, $100.00 for each Plaintiff for each pay period during which the Plaintiff
27   was not provided proper meal and rest breaks.

28   / / /

46.    For RUAN's failure to furnish accurate wage statements, Plaintiffs are entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00.  RUAN is additionally liable for civil penalties pursuant to Labor Code §§ 226.3 and 2699 in the amount of $250.00 for each Plaintiff per initial violation and $1,000.00 for each Plaintiff per subsequent violation.

47.    For RUAN's failure to keep accurate payroll records, RUAN is liable for civil penalties pursuant to California Labor Code §§ 1174.5 and 2699 in the amount of $500.00 per violation.

48.    The proper measure of damages and penalties under the PAGA is all aggrieved employees, whether a party of this action or not.  Further, this claim needs no certification to proceed with class-wide recovery.  *Arias v. Superior Court*, 46 Cal.4th 969, 970-75 (2009).

49.    Accordingly, Plaintiffs and all aggrieved employees respectfully request that the Court award judgment and relief in their favor as described herein.

## SECOND CAUSE OF ACTION

### (Violation Of Business & Professions Code § 17200)

50.    Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51.    RUAN's acts constitute a continuing and ongoing unlawful activity prohibited by the UCL and justifies the issuance of an injunction, restitution, and other equitable relief pursuant to Business & Professions Code § 17203.

52.    Labor Code § 90.5(a) articulates the public policy of this State to vigorously enforce minimum labor standards, including the requirements to provide accurate itemized wage statements and keep payroll records pursuant to Labor Code §§ 226, 226.3, 1174, and 1174.5; and to provide adequate meal and rest periods pursuant to Labor Code §§ 226.7 and 512.  RUAN's conduct of requiring Plaintiffs

1  to work without providing accurate itemized wages statements, failing to pay for all
2  hours worked, including non-driving time, and without providing adequate meal
3  and rest periods directly violates state law, constitutes and was intended to
4  constitute unfair competition and unlawful and unfair acts and practices within the
5  meaning of the UCL.

6      53.    Through the wrongful and unlawful acts, RUAN has acted contrary to
7  the public policy of this State.

8      54.    RUAN is engaging in unlawful business acts and practices by violating
9  California law including, but not limited to, Labor Code §§ 201-203, 204, 226,
10  226.7, 512, 1174, 1174.5, 1197 and 2699 (PAGA) as well as the applicable Wage
11  Order.

12     55.    As a result of their unlawful, unfair, and/or fraudulent acts, RUAN has
13  reaped and continues to reap unfair benefits and illegal profits at the expense of
14  Plaintiffs. Therefore, under the provisions of the UCL and Labor Code §§ 201-203,
15  204, 226, 226.7, 512, 1174, 1174.5, 1197, the applicable Wage Order and PAGA,
16  RUAN should be enjoined from this activity and should provide restitution to
17  Plaintiffs the wrongfully withheld wages and other benefits pursuant to Business &
18  Professions Code § 17203, in a sum according to proof for the four-year period
19  preceding the filing of this Complaint up to and including the present.

20     56.    Accordingly, Plaintiffs respectfully request that the Court award
21  judgment and relief in their favor as described herein.

22

23                    **THIRD CAUSE OF ACTION**
24                    **(Waiting-Time Penalties)**

25     57.    Plaintiffs repeat and reallege each and every allegation made in the
26  foregoing paragraphs as if fully set forth herein.
27  / / /
28  / / /

58.   California Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge.   Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to 30 work days.

59.   RUAN willfully failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages to the Plaintiffs whose employment terminated, as required by Labor Code §§ 201-202.  As a result, RUAN is liable to those employees who are no longer employed by RUAN for waiting time penalties, together with interest thereon and attorneys' fees and costs, under California Labor Code § 203.7.

60.   Accordingly, Plaintiffs and employees who are no longer employed by RUAN respectfully request that the Court award judgment and relief in their favor as described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

1.   Class Certification appointing the proposed Class Representatives and Class Counsel under Rule 23 or other similar provision;

2.   That the Court find that RUAN has violated the record-keeping provisions of Labor Code §§ 226 and 1174(d) as to Plaintiffs;

3.   That the Court find that RUAN has violated California Labor Code §§ 226.7 and 512, and Wage Order No. 9-2001 by failing to afford Plaintiffs full and uninterrupted off-duty meal and rest periods or compensation in lieu thereof;

4.   That the Court find RUAN violated California Labor Code §§ 204, 1197, 1198 by failing to compensate Plaintiffs for all the work they performed for RUAN;

5.     That the Court find that RUAN has violated California Labor Code § 226 by failing to timely furnish Plaintiffs itemized statements accurately showing the total hours worked by each of them;

6.     That the Court find that RUAN has violated Labor Code §§ 201, 202, and 203 for willful failure to pay all compensation owed at the time of termination of employment to Plaintiffs;

7.     That the Court find that RUAN has violated Business & Professions Code § 17200 by failing to keep proper time records, by failing to afford Plaintiffs full and uninterrupted off-duty meal and rest periods, and by failing to timely furnish Plaintiffs with statements accurately showing total hours worked;

8.     That the Court find that RUAN has violated the Private Attorney General Act, Cal. Labor Code § 2699, *et seq.* for all aggrieved employees by failing to keep proper time records, by failing to afford Plaintiffs full and uninterrupted off-duty meal and rest periods, by failing to pay Plaintiffs all wages due, and by failing to timely furnish Plaintiffs with statements accurately showing total hours worked;

9.     That the Court find that RUAN's violations as described have been willful;

10.    That the Court award to Plaintiffs and all aggrieved employees damages and restitution for all waged earned by Plaintiffs including for missed meal and rest periods; work performed without compensation; and damages for failure to timely furnish statements accurately showing total hours worked and penalties subject to proof at trial;

11.    That the Court impose penalties against RUAN on behalf of all aggrieved employees according to the Private Attorney General Act;

12.    That RUAN be ordered and enjoined to pay restitution to Plaintiffs due to RUAN's unlawful and/or unfair activities, pursuant to Business & Professions Code §§ 17200-17205;

13.    That RUAN further be enjoined to cease and desist from unlawful and/or unfair activities in violation of Business & Professions Code § 17200, pursuant to Section 17203;

14.    That Plaintiffs be awarded reasonable attorneys' fees and costs pursuant to Labor Code § 2699, Civil Procedure Code § 1021.5, and/or other applicable law; and

15.    That the Court award such other and further relief as this Court may deem appropriate.

Dated:   April 30, 2012                                DESAI LAW FIRM, P.C.

                                            By: _____
                                                Aashish Y. Desai
                                                Attorneys for Plaintiffs


                    Plaintiffs demand trial by jury on all issues so triable.


Dated:   April 30, 2012                                DESAI LAW FIRM, P.C.

                                            By: _____
                                                Aashish Y. Desai
                                                Attorneys for Plaintiffs

# EXHIBIT
# 1

# MOWER, CARREON & DESAI, LLP

AASHISH Y. DESAI
EMAIL: desai@mocalaw.com
M. ADRIANNE DE CASTRO
EMAIL: decastro@mocalaw.com

8001 IRVINE CENTER DRIVE, SUITE 1450
IRVINE, CA 92618
www.mocalaw.com

(949) 474-3004
FAX: (949) 474-9001

December 8, 2011

California Labor and Workforce
 Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

Re:    PAGA Notice Pursuant to California Labor Code § 2699
       *Burnham, et al. v. Ruan Transportation*

Dear Sir/Madam:

This office represents a group of truck drivers who work or worked for Ruan Transportation. This letter is notice, and a request, pursuant to California Labor Code § 2699.3 that your agency investigate the claims in this impending civil action. If the agency does not intend to investigate the alleged violations, we specifically request notification so that we can file our civil action to include our PAGA claims.

This action is brought on behalf of truck drivers Michael Burnham, Fernando Castillo, Neva Crawford, Ricky Crawford, Ted Day, John Gugler, Charles Howlett, Bill McMahon, Robert Rojas, Todd Shook, and Daniel Ware, and other aggrieved employees to recover unlawfully withheld wages, for meal and rest break violations, payroll reporting violations, unpaid wages for non-driving time, restitution, as well as other statutory penalties and damages owed to the plaintiffs employed by, or formerly employed by Ruan Transportation (hereinafter "Ruan"). Ruan is a transportation services company providing delivery services for businesses throughout the nation, including California. Ruan employs approximately 400 drivers in California.

Ruan has over 160 locations nationwide, including at least twenty distribution centers in California in the following cities: Rialto, French Camp, Madera, Los Banos, Tulare, Ripon, Acampo, Victorville, Orland, Mira Loma, Petaluma, Los Angeles, Turlock, San Francisco, City of Industry, Santa Fe Springs, South Gate, Fresno, Pomona, and Sacramento.

Ruan pays its drivers by piece rate and an hourly formula. The piece rate formula is based on the number of miles they drive. Drivers also receive a flat rate and hourly rate for certain work performed. However, Ruan does not pay Plaintiffs for certain work performed before and after their driving shifts, including safety inspections on their trucks. It also does not pay for "waiting time" during their routes. For example, Plaintiffs often arrive for their scheduled shifts but no trucks are available for them to drive. Plaintiffs sometimes had to wait a few hours to get a truck. They were not separately paid for this time. Nor were they paid for the

California Labor and Workforce
  Development Agency
Re: PAGA Notice Pursuant to California Labor Code § 2699
*Burnham, et al. v. Ruan Transportation*
December 8, 2011
Page 2

_____

time they spent waiting for clients because they were either late or early for loading or unloading.

Moreover, while Plaintiffs are compensated based on how many miles they drive, Ruan did not accurately compute those miles. Ruan's compensation formula short-changed drivers by calculating mileage based on the distance to the city's post office, rather than the miles actually driven. Thus, Plaintiffs were not paid for all the miles they drove.

Ruan also failed, and continues to fail, to provide rest and meal breaks in conformance with California law. Moreover, Ruan fails to reimburse Plaintiffs for certain expenses, and does not provide accurate, itemized wage statements. Ruan also fails to pay all compensation due at the termination of employment.

## Unlawful Failure to Pay Wages Due

Ruan has violated California Labor Code §§ 204, 1196, and 1198. Labor Code § 203 establishes the fundamental right of employees in the State of California to be paid wages in a timely fashion for their work. Labor Code § 1187 makes it unlawful to pay employees less than the wage set by the IWC. Labor Code § 1198 makes it unlawful to employ persons under conditions prohibited by the applicable IW Wage Orders. Under Section 4 of IWC Wage Orders 9-2001, 9-2000, and 9-1998, which apply to transportation establishments such as Ruan, Plaintiffs must be paid at least a minimum wage for each hour worked. Ruan has uniformly required Plaintiffs to perform certain work without any compensation whatsoever.

For example, Plaintiffs will arrive for their scheduled shifts and there will be no truck for them to drive. Plaintiffs can wait hours for a truck. They do not receive any separate pay for this time. Plaintiffs also often have to wait for clients to accept the delivery and unload the trucks. Plaintiffs are not separately paid for this time. In addition, Plaintiffs are not paid for mandatory training and safety meeting that they are required to attend at least 4-6 times per year.

Moreover, Ruan does not adequately pay the Plaintiffs for all the time they spend performing pre- and post-shift work they are required to do, such as safety inspections. This work generally takes Plaintiffs between thirty minutes to one hour but Plaintiffs are not separately paid for this work.

Ruan also does not pay Plaintiffs for all the miles they drive. While Ruan's compensation formula is based on miles driven, Ruan did not accurately compute those miles. Ruan would often short-change its drivers because it calculated mileage based on the distance to a city's post office, rather than a driver's final destination or the miles actually driven.

Plaintiffs are entitled to recover such amounts plus interest thereon, attorneys' fees and costs. Ruan is also liable for civil penalties pursuant to Labor Code §§ 558 and 2698 as follows:

California Labor and Workforce
Development Agency
Re: PAGA Notice Pursuant to California Labor Code § 2699
*Burnham, et al. v. Ruan Transportation*
December 8, 2011
Page 3

(1) For any initial violation, $50.00 for each Plaintiff for each pay period during which the Plaintiff was not provided wages for all the work performed;

(2) For each subsequent violation, $100.00 for each Plaintiff for each pay period during which the Plaintiff was not provided wages for all the work performed.

## Unlawful Failure to Provide Uninterrupted Off-Duty Meal and Rest Periods

Plaintiffs were regularly compelled to work in excess of five and ten hours a day without being afforded at least half-hour meal periods in which they were completely relieved of all duties as required by Labor Code § 226.7. The Plaintiffs were also regularly permitted and compelled to work over a four-hour period (or a major fraction thereof) without Ruan authorizing and permitting them to take paid ten-minute rest periods in which they were completely relieved of all their duties as required by Labor Code § 226.7.

Ruan is liable to all Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that the full and uninterrupted, off-duty rest and meal period were not provided.[1] Ruan is also liable for civil penalties pursuant to Labor Code §§ 558 and 2698 as follows:

(1)     For any initial violation, $50.00 for each Plaintiff for each pay period during which the Plaintiff was not provided proper meal and rest breaks; and

(2)     For each subsequent violation, $100.00 for each Plaintiff for each pay period during which the Plaintiff was not provided proper meal and rest breaks.

## Unlawful Failure to Indemnify Employees for Necessary Expenditures

Ruan has also failed to indemnify Plaintiffs for certain expenditures required for work. Specifically Plaintiffs are required to purchase their own coolers to keep samples of the milk they deliver to Ruan's customers. These coolers cost $10-15 each. Labor Code § 2802 provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." Ruan is liable for the costs of these expenditures plus interest, and attorneys' fees.

Ruan is also liable for civil penalties pursuant to 2698 as follows:

---

[1]  Ruan, more specifically, is liable for two hours of additional pay per day for each Plaintiff since the Plaintiffs are entitled to compensation for the (1) missed meal period, and (2) missed rest period.

California Labor and Workforce
Development Agency
Re: PAGA Notice Pursuant to California Labor Code § 2699
*Burnham, et al. v. Ruan Transportation*
December 8, 2011
Page 4

_____

(1)     For any initial violation, $50.00 for Plaintiff for each pay period during which the Plaintiff was not paid for all necessary expenditures; and

(2)     For each subsequent violation, $100.00 for each Plaintiff for each pay period during which the Plaintiff was not paid for all necessary expenditures.

### Failure to Furnish Accurate Wage Statements

Labor Code § 226(a) requires employers to furnish each employee with a statement that accurately reflects gross wages earned, the total number of hours worked, and the net wages earned. Labor Code § 226(b) provides that if an employer fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00.

Ruan intentionally failed to furnish and continue to intentionally fail to furnish each Plaintiff with timely, itemized statements that accurately reflect the gross wages earned, the total number of hours worked and the net wages earned as required. Ruan is additionally liable for civil penalties pursuant to Labor Code §§ 226.3 and 2698 in the amount of $250.00 for each Plaintiff per initial violation and $1,000.00 for each Plaintiff per subsequent violation.

### Waiting Time Penalties

Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to the employee immediately upon discharge. Labor Code § 202 requires an employer to promptly pay compensation due and owing within 72 hours of that employee's termination of employment by resignation or otherwise. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, then the employer is liable for waiting time penalties in the form of continued compensation up to 30 workdays.

Ruan failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages, including unpaid overtime pay and meal and rest break period pay to those Plaintiffs whose employment terminated as required. As a result, Ruan is liable for waiting time penalties, together with interest and attorneys' fees and costs under California Labor Code § 203.

### Failure to Keep Required Payroll Records

Ruan has violated California Labor Code §§ 226 and 1174 by willfully failing to keep required payroll records showing the actual hours worked on a daily basis by the Plaintiffs. Ruan is liable for civil penalties pursuant to California Labor Code §§ 1174.5 and 2698 in the amount of $500.00 per violation.

California Labor and Workforce
Development Agency
Re: PAGA Notice Pursuant to California Labor Code § 2699
*Burnham, et al. v. Ruan Transportation*
December 8, 2011
Page 5

---

<u>Conclusion</u>

Ruan is in direct violation of numerous California wage and hour laws. We provide notice under the Labor Code Private Attorney's General Act of 2004 and specifically ask for an investigation; or if the agency does not intend to investigate the alleged violations, a letter confirming the same so that we may file a complaint against Defendant for the violations discussed in this letter.

Should you require anything further or have additional questions, please do not hesitate to contact me.

Very truly yours,

Aashish Y. Desai
MOWER, CARREON & DESAI, LLP

cc: ✓ *Via Certified Mail Return Receipt Requested*
 **Ruan Transportation**
 3200 Ruan Center
 666 Grand Ave
 Des Moines, IA 50309



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**O F F I C I A L   U S E**

| Postage | $ | ⟨handwritten⟩.44 |
| Certified Fee | | 2·85 |
| Return Receipt Fee (Endorsement Required) | | 2·85 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Postmark
Here

Sent To _LWDA_
Street, Apt. No.; or PO Box No. _801 K Street #2101_
City, State, ZIP+4 _Sacramento, CA 95814_

7010 0290 0000 8818 6767

PS Form 3800, August 2006                See Reverse for Instructions

# EXHIBIT
# 2



STATE OF CALIFORNIA
## Labor & Workforce Development Agency

GOVERNOR Edmund G. Brown Jr. • SECRETARY Marty Morgenstern

Agricultural Labor Relations Board • California Unemployment Insurance Appeals Board
California Workforce Investment Board • Department of Industrial Relations
Economic Strategy Panel • Employment Development Department • Employment Training Panel

January 11, 2012                                          **CERTIFIED MAIL**

Mower, Carreon & Desai, LLP
8001 Irvine Center Drive, Suite 1450
Irvine, CA  92618

RE: Employer:       Ruan Transportation Company
RE: Employee(s):  Michael Burnham, Fernando Castillo, Neva Crawford,
RE: LWDA  No:      Ricky Crawford, Ted Day, et al.
                          9608

This is to inform you that the Labor and Workforce Development Agency
(LWDA) received your notice of alleged Labor Code violations pursuant to
Labor Code Section 2699, postmarked December 14, 2011, and after
review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "...civil penalties recovered by aggrieved employees shall be distributed
as follows: 75 percent to the LWDA for enforcement of labor laws and
education of employers and employees about their rights and responsibilities
under this code." Labor Code Section 2699(l) specifies "[T]he superior court
shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned Case Number in
any future correspondence.

Sincerely,

Doug Hoffner
Undersecretary

Cc:   Ruan Transportation Company
        3200 Ruan Center - 666 Grand Avenue



**STATE OF CALIFORNIA**
# Labor & Workforce Development Agency

GOVERNOR Edmund G. Brown Jr. • SECRETARY Marty Morgenstern

Agricultural Labor Relations Board • California Unemployment Insurance Appeals Board
California Workforce Investment Board • Department of Industrial Relations
Economic Strategy Panel • Employment Development Department • Employment Training Panel

Des Moines, IA 50309

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Michael Burnham, Fernando Castillo, Neva Crawford, Ricky Crawford, Ted Day, John Gugler, Charles Howlett, Eduardo Jimenez, Bill McMahon, Jody Paulson, Robert Rojas, Todd Shook, Tony Skirrow, Dante Steward,

Salvador Bucio Suarez and Daniel Ware

**DEFENDANTS**
RUAN TRANSPORTATION, an Iowa Corporation, and DOES 1-10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
DESAI LAW FIRM, P.C. - Aashish Y. Desai, Esq. (SBN 187394)
8001 Irvine Center Drive, Suite 1450, Irvine, CA 92618
(949) 842-8948

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☑5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of the Private Attorney General Act; Violation of Business & Professions Code Section 17200; Waiting-Time Penalties

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☑ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 462 Naturalization Application | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 446 American with Disabilities - Other | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 465 Other Immigration Actions | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**SACV12—0688 AG (ANx)**

FOR OFFICE USE ONLY:  Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐　Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐　Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(c)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | Iowa |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
<u>Note: In land condemnation cases, use the location of the tract of land involved</u>

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____　Date April 30, 2012

Notice to Counsel/Parties:　The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV12- 688 AG (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Aashish Y. Desai, Esq. (SBN 187394)
DESAI LAW FIRM, P.C.
8001 Irvine Center Drive, Suite 1450
Irvine, CA 92618

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BURNHAM, FERNANDO CASTILLO, NEVA CRAWFORD, RICKY CRAWFORD, TED DAY, JOHN GUGLER, CHARLES HOWLETT, EDUARDO JIMENEZ, BILL MCMAHON, JODY PAULSON, ROBERT ROJAS, TODD SHOOK, TONY SKIRROW, DANTE STEWARD, SALVADOR BUCIO SUAREZ AND DANIEL WARE, on behalf of themselves and all others similarly situated, and on behalf of all other "aggrieved" employees, PLAINTIFF(S) | CASE NUMBER SACV12 - 0688 AG (ANx) |
| v. RUAN TRANSPORTATION, an Iowa Corporation, and DOES 1-10, inclusive, DEFENDANT(S) | SUMMONS |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, ___Aashish Y. Desai_____, whose address is Desai Law Firm, P.C., 8001 Irvine Center Drive, Suite 1450, Irvine, CA 92618_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   MAY - 2 2012

By: ___DODJIE LAGMAN___
        Deputy Clerk

                    1224

                    (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*