CYNTHIA E. GITT,  SBN# 60369
cgitt@browngitt.com
LAWRENCE L. YANG  SBN# 206738
lyang@browngitt.com
ANI M. AKOPYAN  SBN# 234158
aakopyan@browngitt.com
BROWN GITT LAW GROUP, LLP
300 N. Lake Avenue, Suite 200
Pasadena, California 91101
Telephone: 626.229.1919
Facsimile:  626.229.1917

Attorneys for Defendant
RUAN LOGISTICS CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BURNHAM, FERNANDO CASTILLO, NEVA CRAWFORD, RICKY CRAWFORD, TED DAY, JOHN GUGLER, CHARLES HOWLETT, EDUARDO JIMENEZ, BILL MCMAHON, JODY PAULSON, ROBERT ROJAS, TODD SHOOK, TONY SKIRROW, DANTE STEWARD, SALVADOR BUCIO SUAREZ AND DANIEL WARE, on behalf of themselves and all others similarly situated, and on behalf of all other "aggrieved" employees,<br><br>Plaintiffs,<br><br>v.<br><br>RUAN TRANSPORTATION, an Iowa Corporation and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.  SACV12-0688 AG (ANx)<br><br>**DEFENDANT RUAN LOGISTICS CORPORATION'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Filed Concurrently With Memorandum of Points and Authorities; Separate Statement of Uncontroverted Facts; Appendix of Evidence; Compendium of Authorities; Request for Judicial Notice; Declarations of Sam Schott, Andrew McCuan, Randy Webster, and Antoinette Devereaux; Proposed Order]<br><br>**Date:**     February 4, 2013<br>**Time:**    10 a.m.<br>**Ctrm.:**   Room 10D<br><br>Complaint Filed:  May 2, 2012 |

**TO THE HONORABLE COURT, AND TO PLAINTIFFS AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 4, 2013, at 10 a.m., or as soon thereafter as counsel may be heard, Defendant RUAN LOGISTICS CORPORATION (erroneously sued as RUAN TRANSPORTATION), ("Defendant" and/or "RLC"), will bring on for hearing before Honorable ANDREW J. GUILFORD, United States District Court for the Central District of California, 411 W. Fourth Street, Santa Ana, California, in Courtroom 10D, its Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure, Rule 56. The motion will be and is made on the following grounds:

1. There is no genuine dispute of material fact, and Defendant is entitled to summary judgment as a matter of law with respect to Plaintiffs' claims that they were not paid all wages due under California law, because federal law applies and Plaintiffs were paid all wages due under federal law.

2. There is no genuine dispute of material fact, and Defendant is entitled to summary judgment as a matter of law with respect to Plaintiffs' claims that they were not paid all wages due under California law, because Plaintiffs in fact were paid all wages due under California law.

3. There is no genuine dispute of material fact, and Defendant is entitled to summary judgment as a matter of law with respect to Plaintiffs' claims that they were not paid all wages due under California law, because a construction of California's Labor Code that prevents Defendant from continue using its activity-compensation system, is preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA").

4. There is no genuine dispute of material fact, and Defendant is entitled to summary judgment as a matter of law with respect to Plaintiffs' claims that they were not provided full and uninterrupted off-duty meal and rest breaks under California state law, because federal law exclusively governs

meal and rest breaks, and preempts California's meal and rest break laws.

5. There is no genuine dispute of material fact, and Defendant is entitled to summary judgment as a matter of law with respect to Plaintiffs' claims that they were not provided full and uninterrupted off-duty meal and rest breaks under California state law, because California's meal and rest break laws are preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA");

6. There is no genuine dispute of material fact, and Defendant is entitled to summary judgment as a matter of law with respect to Plaintiffs' derivative claims that Defendant failed to provide Plaintiffs accurate itemized wage statements, and that Defendant failed to timely pay former employees, because the underlying claims upon which these claims are based fail as a matter of law; therefore, Plaintiffs' derivative claims also fail as a matter of law.

The motion will be and is brought pursuant to Rule 56 of the Federal Rules of Civil Procedure, Local Rules and is supported by the accompanying Memorandum of Points and Authorities, Separate Statement of Uncontroverted Facts, Appendix of Evidence, Compendium of Authorities, Request for Judicial Notice, the declarations of Sam Schott, Andrew McCuan, Randy Webster, and Antoinette Devereaux, and the complete court file.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on November 21, 2012.

DATED: December 21, 2012

BROWN GITT LAW GROUP, LLP

By: _____
CYNTHIA E. GITT
LAWRENCE L. YANG
ANI M. AKOPYAN
Attorneys for Defendant
RUAN LOGISTICS CORPORATION