UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0688 AG (ANx) | Date | August 16, 2013 |
|---|---|---|---|
| Title | MICHAEL BURNHAM, et al. v. RUAN TRANSPORTATION | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Nancy Boehme | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

In this putative class action, current and former employees sued Defendant Ruan Logistics Corporation (erroneously sued as "Ruan Transportation"), alleging that Defendant violated California's wage-and-hour laws. Defendant brought this Motion for Partial Summary Judgment ("Motion"). (Defendant's Motion for Partial Summary Judgment ("Motion"), Dkt. No. 18.) The review of this Motion was complicated by the continuing flow of new cases presented by counsel in numerous supplemental briefs. This flow has brought us up to date, at least for now, with the Supreme Court's decision in *American Trucking Associations, Inc. v. City of Los Angeles* ("*ATA II*"), 133 S.Ct. 2096 (June 13, 2013). The review was delayed as just yesterday, additional filings were made on recent cases, including *ATA II*.

Defendant argues that a federal statute relating to interstate commerce preempts the state laws at the core of plaintiffs' claims. The purpose of the federal statute was to insure maximum reliance on competitive market forces and this purpose is served by finding preemption.

Defendant's Motion is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0688 AG (ANx) | Date | August 16, 2013 |
|---|---|---|---|
| Title | MICHAEL BURNHAM, et al. v. RUAN TRANSPORTATION | | |

## BACKGROUND

Ruan Logistics Corporation ("Defendant" or "Ruan") employs truck drivers to transport raw, perishable milk from its Victorville terminal to dairies, creameries, processors, and other milk customers. (*See* Defendant's Reply to Plaintiffs' Statement of Genuine Issues in Opposition to Defendant's Motion for Partial Summary Judgment ("SGI"), Dkt. No. 37, at ¶¶ 7-10.) Plaintiffs are current and former drivers working for Defendant at its Victorville terminal. Defendant hauls milk to customers in California and in other states. (*Id.* at ¶¶ 8-10.) About 95 percent of the milk product hauled by Defendant is driven across state lines and about 60 to 75 percent of Victorville drivers cross state lines on an average day. (*Id.* at ¶¶ 8-9; Declaration of Sam Schott ("Schott Decl."), Dkt. No. 24, at ¶ 5.)

Drivers at the Victorville terminal are paid using a compensation plan (the "Compensation Plan") that "has two components–a mileage-based rate [of 36 cents per mile] for driving and routine activities related to driving–and specific monetary amounts for non-driving tasks or for activities not otherwise compensated." (Motion, at 4:13-15; SGI ¶¶ 37, 40.)

Plaintiffs claim that this Compensation Plan failed to appropriately compensate drivers (the "Compensation Claims"). Plaintiffs also claim Defendant did not provide appropriate meal and rest breaks (the "Meal and Rest Break Claims"), failed to provide itemized wage statements, failed to timely pay former employees, and failed to reimburse for necessary expenditures. Plaintiffs' Complaint makes these allegations in three overlapping claims: (1) Violation of Private Attorney General Act ("PAGA"); (2) Violation of Business & Professions Code § 17200 ("Unfair Competition Law" or "UCL"); and (3) Waiting Time Penalties for failing to immediately pay employees' wages upon discharge or resignation. Although their papers are somewhat unclear, Defendant appears to make this Motion for Partial Summary Judgment on all claims except (1) Plaintiffs' claim that Defendant failed to reimburse drivers for small coolers they purchased to store milk samples and (2) the itemized statement claim. (*See* Compl. ¶ 7(d)-(e); Motion, at 2:1 n.1.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 12-0688 AG (ANx) | Date | August 16, 2013 |
|---|---|---|---|
| Title | MICHAEL BURNHAM, et al. v. RUAN TRANSPORTATION | | |

## LEGAL STANDARD

Summary judgment is appropriate only where the record, read in the light most favorable to the non-moving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Material facts are those necessary to the proof or defense of a claim, as determined by reference to substantive law. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If, and only if, the moving party meets its burden, then the nonmoving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *Id.* at 322-23. If the nonmoving party meets this burden, then the motion will be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

## PRELIMINARY MATTERS

### 1. REQUESTS FOR JUDICIAL NOTICE

The parties made numerous requests for judicial notice. Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, courts may take judicial notice of pleadings and court orders that are matters of public record. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0688 AG (ANx) | Date | August 16, 2013 |
|---|---|---|---|
| Title | MICHAEL BURNHAM, et al. v. RUAN TRANSPORTATION | | |

(9th Cir. 2001) (emphasis in original).

In the Request for Judicial Notice attached to its Motion, Defendant asks the Court to take judicial notice of four items: (1) the May 17, 2002 tentative ruling by Judge Lloyd L. Hicks in the Tulare County Superior Court case *Carson, et al. v. Knight Transportation, Inc.*, No. 09-234186; (2) the August 30, 2012 order in *Carson*; (3) the text of 49 U.S.C. § 13101; and (4) a web page managed by the Federal Motor Carrier Safety Administration, summarizing hours of service regulations. (Defendant's Request for Judicial Notice ("DRJN"), Dkt. No. 21.) Items 1, 2, and 4 are appropriate for judicial notice because they are public records. The Court takes judicial notice of the existence of the documents and not the truth of the facts asserted within them. Item 3 is *statutory law*, and is thus obviously not covered by judicial notice provisions, which relate to *facts*.

In their Request for Judicial Notice attached to their Opposition, Plaintiffs ask the Court to take judicial notice of two items: (1) a January 29, 2002 opinion letter by the Division of Labor Standards Enforcement ("DLSE") and (2) policy § 47.7 from the 2002 DLSE Enforcement Policies and Interpretations Manual ("DLSE Manual"). (Plaintiffs' Request for Judicial Notice, Dkt. No. 32.) To the extent that judicial notice is required, the Court takes judicial notice of the existence of both documents and not the truth of the facts asserted within them.

In its Request for Judicial Notice attached to its Reply, Defendant asks the Court to take judicial notice of five items: (1) a January 29, 2002 opinion letter by the DLSE; (2) selected portions of the DLSE Manual; (3) a portion of the glossary from the DLSE website; (4) "print-outs of the websites of various trucking companies, including McLane Company"; and (5) "the form pay stub for an employee paid on a piece rate basis" from the DLSE website. (Defendant's Request for Judicial Notice, Dkt. No. 45.) To the extent that judicial notice is required, the Court takes judicial notice of the existence of Items 1, 2, 3, and 5, but not the truth of the facts asserted within them. Item 4 does not meet the standard for judicial notice in Federal Rule of Evidence 201(b), so the Court denies Defendant's request for judicial notice of Item 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0688 AG (ANx) | Date | August 16, 2013 |
|---|---|---|---|
| Title | MICHAEL BURNHAM, et al. v. RUAN TRANSPORTATION | | |

## 2. EVIDENTIARY OBJECTIONS

The parties submitted voluminous evidence supporting their papers. While much of the evidence was undisputed, there were also a substantial number of objections. On motions with voluminous objections "it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Capitol Records, LLC v. BlueBeat, Inc.*, 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal. 2010) (a summary judgment case quoting *Doe v. Starbucks, Inc*., 2009 WL 5183773, at *1 (C.D. Cal. 2009); *Ciampi v. City of Palo Alto*, 790 F. Supp. 2d 1077, 1091 (N.D. Cal. 2011 (quoting *Starbucks*, 2009 WL 5183773, at *1). This is especially true where, as here, "many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Id.* For example, Defendant repeatedly objects that evidence is irrelevant. These objections seemingly ignore that a court can grant summary judgment only when there is no genuine issue of *material* fact. *See* Fed. R. Civ. P. 56(a). Because the Court can't rely on irrelevant facts, objections based on relevancy are redundant. *See generally Burch v. Regents of the Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) (noting that parties may simply *argue* that certain facts are not relevant, instead of objecting to them on relevance grounds).

The Court does find it appropriate to address some of the objections here. Defendant objects to all of the employee declarations submitted by Plaintiffs. Defendant argues these are "sham declarations" because they are boilerplate and are contradicted by daily trip sheets and driver logs. After reviewing these declarations, the Court agrees with Defendant that the similarity of the declarations may ultimately undermine their credibility. But the declarations are not so unbelievable, unsupported, or contradicted by other credible evidence that it is appropriate at this time to strike them.

The Court did not rely on most of the other evidence under objection. To the extent that the Court relied upon any evidence in this Order, the relevant evidentiary objections are overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0688 AG (ANx) | Date | August 16, 2013 |
|---|---|---|---|
| Title | MICHAEL BURNHAM, et al. v. RUAN TRANSPORTATION | | |

### ANALYSIS

Defendant argues partial summary judgment is appropriate here because some of Plaintiffs' California law claims are preempted by federal law and because the evidence establishes that Defendant did not violate the applicable laws. The Court concludes that the Meal and Rest Break Claims and the Compensation Claims are preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"). The Court, thus, does not address whether these claims are preempted under other federal laws, or whether Defendant's Compensation Plan violates state law.

### 1. PREEMPTION OF MEAL AND REST BREAK CLAIMS UNDER THE FAAAA

Defendant argues, and the Court agrees, that the FAAAA preempts application of California's meal and rest break requirements in this case.

The FAAAA provides: "[A] State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). In enacting the FAAAA, Congress sought to "help[] assure transportation rates, routes, and services that reflect maximum reliance on competitive market forces, thereby stimulating efficiency, innovation, and low prices, as well as variety and quality." *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 371 (2008) (citing *Morales v. Trans World Airlines, Inc.*, 112 S.Ct 2031, 2031 (1992)) (internal quotation marks omitted). The motor carrier provision, which is identical to an existing provision deregulating air carriers, was also intended to "'even the playing field' between air carriers and motor carriers." *California for Safe & Competitive Dump Truck Transportation v. Mendonca*, 152 F.3d 1184 (9th Cir. 1998).

The Supreme Court has identified four principles applicable to preemption by the FAAAA:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0688 AG (ANx) | Date | August 16, 2013 |
|---|---|---|---|
| Title | MICHAEL BURNHAM, et al. v. RUAN TRANSPORTATION | | |

> (1) that [s]tate enforcement actions having a connection with, or reference to" carrier rates, routes, or services are pre-empted, . . . (2) that such pre-emption may occur even if a state law's effect on rates, routes or services is only indirect, . . . (3) that, in respect to pre-emption, it makes no difference whether a state law is "consistent" or "inconsistent" with federal regulation, . . . (4) that pre-emption occurs at least where state laws have a significant impact related to Congress' deregulatory and pre-emption-related objectives.

*Rowe v. N.H. Motor Transportation Ass'n*, 552 U.S. 364, 370-71 (2008) (internal quotation marks and citations omitted).

Although the words "related to" express a "broad pre-emptive purpose," that does not mean "the sky is the limit." *Dan's City Used Cars, Inc. v. Pelkey,* 133 S.Ct. 1769, 1778 (May 13, 2013). The Supreme Court has cautioned that the effect on rates, routes, or services must be more than "tenuous, remote, or peripheral," but the Court has not specified "where, or how, 'it would be appropriate to draw the line.'" *Rowe*, 552 U.S. at 371; *see also Dan's City*, 133 S.Ct. at 1778. In "borderline" cases, the Ninth Circuit has said "the proper inquiry is whether the provision, directly or indirectly binds the carrier to a particular price, route or service and thereby interferes with competitive market forces within the industry." *American Trucking Ass'ns, Inc. v. City of Los Angeles* ("*ATA I*"), 660 F.3d 384, 397 (9th Cir. 2011) (internal quotation marks and ellipses omitted) (reversed on other grounds in *ATA II*, 133 S.Ct. 2096).

Here, the Court joins the growing number of district courts that have found that California's meal and rest break laws are preempted by the FAAAA. In the leading case of *Dilts v. Penske Logistics, LLC*, the Southern District of California found as a matter of law that the FAAAA preempted California's meal and rest break laws because the meal and rest break laws significantly affect a carrier's prices, routes, and services. 819 F. Supp. 2d 1109, 1118-20 (S.D. Cal. 2011) (appeal pending). Other district courts have followed *Dilts*' reasoning. *See Esquivel v. Vistar Corp.*, 2:11-CV-07284-JHN, 2012 WL 516094 (C.D. Cal. Feb. 8, 2012); *Aguiar v. California Sierra Exp., Inc.*, 2:11-CV-02827-JAM, 2012 WL 1593202 (E.D. Cal. May 4, 2012); *Campbell v. Vitran Exp., Inc.*, CV 11-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 12-0688 AG (ANx) | Date | August 16, 2013 |
|---|---|---|---|
| Title | MICHAEL BURNHAM, et al. v. RUAN TRANSPORTATION | | |

05029-RGK SHX, 2012 WL 2317233 (C.D. Cal. June 8, 2012); *Cole v. CRST, Inc.*, EDCV 08-1570-VAP OPX, 2012 WL 4479237 (C.D. Cal. Sept. 27, 2012); *Aguirre v. Genesis Logistics*, SACV 12-0687 JVS (ANx), 2012 U.S. Dist. LEXIS 186132 (C.D. Cal. Nov. 5, 2012).

The Court finds these decisions more persuasive than *Mendez v. RL Carriers, Inc.*, cited by Plaintiffs. No. C 11-2478 CW, 2012 WL 5868973, at *6 (N.D. Cal. Nov. 19, 2012). The *Mendez* Court found that the FAAAA did not preempt California's meal and rest break laws because three meal and rest break provisions gave carriers sufficient flexibility. *Id.* at *6 (citing Cal. Lab. Code § 226.7(b); Cal. Lab. Code § 512(a); Cal. Code Regs. tit. 8, § 11090(11)(C)). But this Court finds that the limited flexibility these three provisions might provide is not likely to significantly change the great impact of the meal and rest break laws on carrier routes, scheduling, services, pricing, and ultimately competitiveness in the industry. Plaintiffs' remaining arguments regarding FAAAA preemption are unpersuasive.

The Court thus finds that California's meal and rest break laws are preempted by the FAAAA. It is undisputed that Defendant qualifies as a carrier under the FAAAA. (SGI ¶ 10.) Accordingly, the Court GRANTS summary judgment for Defendant on Claims 1, 2, and 3, to the extent they are based on violations of California's meal and rest break laws.

## 2. PREEMPTION OF COMPENSATION CLAIMS UNDER THE FAAAA

Defendant argues that the FAAAA also preempts Plaintiffs' Compensation Claims based on California's minimum wage law. Again, the Court agrees. The minimum wage laws that form the basis of Plaintiffs' Compensation Claims are "related to a price" of Defendant's services. Changes to price at the margin are economically significant. This Court finds that changing Defendant's "activity-based" Compensation Plan to hourly pay, or another system that might be required under such laws, would affect labor costs, as well as Defendant's overall costs. Any other ruling would thwart the legislative intent of "maximum reliance on competitive market forces, thereby stimulating efficiency, innovation, and low prices, as well as variety and quality." *Rowe v. New Hampshire*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0688 AG (ANx) | Date | August 16, 2013 |
|---|---|---|---|
| Title | MICHAEL BURNHAM, et al. v. RUAN TRANSPORTATION | | |

*Motor Transp. Ass'n*, 552 U.S. 364, 371 (2008) (citing *Morales v. Trans World Airlines, Inc.*, 112 S.Ct 2031, 2031 (1992)) (internal quotation marks omitted). The effects involved here, as with the Meal and Rest Break Claims, are more than "tenuous, remote, or peripheral." *Rowe*, 552 U.S. at 371.

Beyond clear market principles, preemption of the Compensation Claims is also supported by a declaration by Defendant's Operations Manager, Sam Schott, who stated that Defendant's prices and services would be affected in at least two ways if Defendant were prevented from using its Compensation Plan. (Schott Decl. ¶¶ 50-51.) First, "labor costs are the single greatest expense that drives prices and rates[.]" (*Id.* ¶ 51.) Second, Defendant's Compensation Plan "encourages efficiency and productivity, and [does] not encourage drivers to drag out delivery and pick up times to maximize hourly pay and the costs of service and operations . . . . [D]ragging out service also impacts the ability to serve customers efficiently and to serve the number of customers that Victorville needs to stay profitable." (*Id.*)

As noted, these impacts interfere with the type of "competitive market forces" Congress sought to preserve in enacting the FAAAA. *Rowe*, 552 U.S. at 371; *ATA I*, 660 F.3d 384, 397 (9th Cir. 2011) (holding that courts should ask "whether the provision, directly or indirectly binds the carrier to a particular price, route or service and thereby interferes with competitive market forces within the industry"). Defendant argues that applying California wage laws to prohibit Defendant's Compensation Plan would have an anti-competitive effect, and this is supported by Schott's declaration. It states that a significant number of Defendant's competitors in the "highly competitive dairy hauling industry" use "mileage-based or activity-based compensation systems" and Defendant would be disadvantaged if it were forced to materially change its system. (Schott Decl. ¶ 50.) Plaintiffs assert that some other competitors "now comply with California's laws by providing *separate* hourly compensation in addition to the piece rate formula," but this assertion is not supported by any declaration or other written evidence. (SGI ¶ 42 (emphasis in original).) Even if it is true that some other competitors use separate hourly compensation, Defendant would still face significant competition with the many competitors that continue to use mileage-based or activity-based compensation systems.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 12-0688 AG (ANx) | Date | August 16, 2013 |
|---|---|---|---|
| Title | MICHAEL BURNHAM, et al. v. RUAN TRANSPORTATION | | |

This case is distinguishable from the Ninth Circuit's decision in *Mendonca*, 152 F.3d 1184. In *Mendonca*, the court held that the effect of the California Prevailing Wage Law on public works contractors' transportation-related prices, routes, and services was too "indirect, remote, and tenuous" to be preempted by the FAAAA. *Id.* at 1189 (citing *Cal. Div. of Labor Standards Enforcement v. Dillingham Const., N.A., Inc.*, 519 U.S. 316 (1997)). Unlike *Mendonca*, this case involves a type of mileage- or activity-based compensation plan commonly used across a specific competitive industry, which ties the compensation in this case more closely to prices and the competitive market.

The Court has considered Plaintiff's other arguments, but they do not change the Court's conclusion. The Court thus finds that California's minimum wage laws, as applied to Defendant's Compensation Plan, are preempted by the FAAAA. Accordingly, the Court GRANTS summary judgment for Defendant on Claims 1, 2, and 3, to the extent they are based on violations of California's minimum wage laws.

### 3.    THE IMPACT OF THE NEW SUPREME COURT DECISION IN *DAN'S CITY USED CARS, INC. V. PELKEY*

While this Order was under submission, the Supreme Court issued a new decision on FAAAA preemption in *Dan's City Used Cars, Inc. v. Pelkey,* 133 S.Ct. 1769 (May 13, 2013). The Court ordered the parties to file supplemental briefs concerning the impact of *Dan's Cars* on the pending Motion, and they did so. The primary issue arising from these briefs was whether the application of *Dan's City* requires reversing this Court's tentative ruling that the Meal and Rest Break Claims are preempted. Plaintiffs call *Dan's City* "an absolute game-changer with regard to the preemption of Plaintiffs' meal and rest break claims" under the FAAAA. (Plaintiffs' Supplemental Brief, Dkt. No. 137, at 1:4-5.) The Court disagrees.

Plaintiffs rely heavily on the Supreme Court's conclusion that the plaintiff's claims in *Dan's City* were not preempted because the services were not "related to the transportation of property." *Dan's City*, 133 S.Ct. at 1778-80. There, the plaintiff challenged a towing company's decision to dispose of plaintiff's car months after the car had been towed and movement of the car had ceased. *Id.* This disposal did not relate to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0688 AG (ANx) | Date | August 16, 2013 |
|---|---|---|---|
| Title | MICHAEL BURNHAM, et al. v. RUAN TRANSPORTATION | | |

"transportation" under the FAAAA. *Id.* By contrast, Plaintiffs' meal break, rest break, and compensation claims clearly relate to transportation of property because Plaintiffs are truck drivers who transport products. *See id.* at 1779 (defining "services related to the movement of property" as including "arranging for, receipt, delivery . . . refrigeration, icing . . . storage, handling, packing, unpacking . . .").

Plaintiffs also argue that the Court should change its tentative ruling on Plaintiffs' Meal and Rest Break Claims based on *Dan's City*'s holding that the plaintiff's claims were not "related to" a "service" of a motor carrier under the FAAAA. Again, the Court disagrees. The Supreme Court determined that disposing of plaintiff's car was not a motor carrier "service" because it happened long after the towing company had moved the car. The pending case is distinguishable.

Defendant's brief regarding *Dan's City* generally contends that the case supports specific arguments Defendant has made in previous filings on this Motion. The Court, therefore, does not address these arguments anew.

## **DISPOSITION**

The Court GRANTS the Motion.

|  | : | 0 |
|---|---|---|

Initials of Preparer     nkb