1  CYNTHIA E. GITT     SBN# 60369
   cgitt@browngitt.com
2  LAWRENCE L. YANG  SBN #206738
   lyang@browngitt.com
3  **BROWN GITT LAW GROUP, ALC**
   300 North Lake Avenue, Suite 200
4  Pasadena, California 91101
   Telephone:  626.229.1919
5  Facsimile:   626.229.1917

6
   Attorneys for Defendant
7  RUAN LOGISTICS CORPORATION

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12  MICHAEL BURNHAM, FERNANDO          CASE NO.  SACV 12-0688 AG (ANx)
    CASTILLO, NEVA CRAWFORD,
13  RICKY CRAWFORD, TED DAY,           **AMENDED JOINT STIPULATION**
    JOHN GUGLER, CHARLES               **AND SETTLEMENT**
14  HOWLETT, EDUARDO JIMENEZ,          **AGREEMENT OF CLASS**
    BILL MCMAHON, JODY PAULSON,        **ACTION  CLAIMS**
15  ROBERT ROJAS, TODD SHOOK,
    TONY SKIRROW, DANTE
16  STEWARD, SALVADOR BUCIO            **Complaint Filed:  May 2, 2012**
    SUAREZ AND DANIEL WARE, on         **Trial Date:        May 6, 2014**
17  behalf of themselves and all others
    similarly situated, and on behalf of all
18  other "aggrieved" employees

19              Plaintiffs,

20       v.

21  RUAN TRANSPORTATION, an Iowa
    Corporation and DOES 1-10, inclusive,
22
                Defendants.
23

24

25       This Joint Stipulation and Settlement Agreement of Class Action Claims

26  (hereinafter "Stipulation of Settlement" or "Settlement") is made and entered into

27  by and between Plaintiffs Michal Burnham, Fernando Castillo, Neva Crawford,

28
                              - 1 -
          **AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT**
                  **OF CLASS ACTION  CLAIMS**

Ricky Crawford, Ted Day, John Gugler, Charles Howlett, Eduardo Jimenez, Bill McMahon, Jody Paulson, Robert Rojas, Todd Shook, Tony Skirrow, Dante Steward, Salvadore Bucio Suarez, and Daniel Ware (the "Class Representatives"), individually and on behalf of all others similarly situated ("Plaintiffs") and Defendant Ruan Logistics Corporation, ("Defendant").

THE PARTIES STIPULATE AND AGREE as follows:

## I. <u>DEFINITIONS</u>

1.     "<u>Action</u>" and/or "<u>Complaint</u>" shall mean the lawsuit filed by Plaintiffs against Defendant captioned Michael Burnham, Fernando Castillo, Neva Crawford, Ricky Crawford, Ted Day, John Gugler, Charles Howlett, Eduardo Jimenez, Bill McMahon, Jody Paulson, Robert Rojas, Todd Shook, Tony Skirrow, Dante Steward, Salvador Bucio Suarez and Daniel Ware, on behalf of themselves and all others similarly situated, and on behalf of all other "aggrieved employees v. Ruan Transportation (Ruan Logistics Corporation), an Iowa Corporation and DOES 1-10, inclusive in the United States District Court, Central District of California, Case No. SACV12-0688 AG (ANx).

2.     "<u>California Wage Hour law</u>" means the California *Labor Code,* including §§203, 204, 226, 226.7, 512 and 1197, 1198, 2699; the California *Business & Professional Code* §§17200 *et. seq.,* Industrial Welfare Commission Wage Order 9 and the Private Attorney General Act ("PAGA").

3.     "<u>Class Counsel</u>" shall mean Aashish Desai, Esq., Desai Law Firm; P.C.

4.     "<u>Class Period</u>" means May 2, 2008 through the date of preliminary approval.

5.     Fernando Castillo, Neva Crawford, Ricky Crawford, Ted Day, John Gugler, Charles Howlett, Eduardo Jimenez, Bill McMahon, Jody Paulson, Robert Rojas, Todd Shook, Tony Skirrow, Dante Steward, Salvador

-2-

Bucio Suarez and Daniel Ware, on behalf of themselves and all other similarly situated, and on behalf of all other "aggrieved" California employees.

6.     "Court" means the United States District Court for the Central District of California.

7.     "Court's Final Order and Judgment" means the Final Order Approving Class Action Settlement and Judgment in a form to be agreed upon by the Parties and approved by the Court.

8.     "Defendant" shall refer to Ruan Logistics Corporation ("RLC" or "Ruan") or its parent or affiliated entities.

9.     "Defendant's Counsel" shall mean Brown Girt Law Group, ALC.

10.    "Excluded Claims" refers to claims that originally were decided in favor of Ruan in the Court's Orders of August 16, 2013 (Pacer Doc. No. 172) and August 30, 2013 (Pacer Doc. No. 179), (but later reversed on reconsideration on October 8, 2014 in the wake of *Dilts v. Penske* (Pacer Doc. No. 282) and any PAGA penalties and attorneys' fees directly related to those claims.  Defendant or Plaintiffs preserve their respective right to appeal the Court's decisions with respect to the Excluded Claims. However, Excluded Claims does not extend to claims for wage statements or record-keeping violations on the Excluded claims, or damages or penalties.  In no event shall or will Plaintiffs re-assert claims for wage statements or record-keeping violations on the Excluded Claims.

11.    "Final Approval Hearing" shall mean the hearing during which the Court shall consider, without limitations, any timely objections to the Settlement from Class Members, testimony from the Parties or their counsel, and otherwise make a final determination regarding the fairness of the Settlement as set forth herein.

- 3 -

**AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS**

12.　"Gross Settlement Amount" shall refer to the total payment by Ruan of Seven Hundred Thousand Dollars ($700,000.00) to settle all claims that were or could have been asserted in this case, except for the Excluded Claims.

13.　"Notice of Proposed Settlement" means the Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Final Court Approval in substantially the form attached hereto as Exhibit A, and as approved by the Court.

14.　"PAGA" shall refer to the Private Attorney General Act codified at California *Labor Code* §2699, *et seq.*

15.　"Plaintiffs" shall refer to the sixteen (16) named Plaintiffs who filed the Action or Complaint, as identified in subparagraph 1 of this Definitions section.

16.　"Parties" shall refer to the Plaintiffs and Defendant, each of whom is a party.

17.　"Released Parties" collectively means: (i) Defendant; (ii) Defendant's respective past, present and future parents, subsidiaries and affiliates, predecessors, successors and assigns; (iii) the past, present and future shareholders, directors, officers, agents, employees, attorneys, insurers, successors and assigns of any of the foregoing; and (iv) any individual or entity which could be jointly liable with any of the foregoing.

18.　"Service Award" shall mean the special incentive payment made to the lead Plaintiffs in their capacity as Class Representatives, which sum is over and above their pro-rata share as a class member.

19.　"Settlement" or "Stipulation of Settlement" means this Joint Stipulation of Settlement of Class Action Claims.

20.　"Settlement Award" shall mean the monetary payments made to the Settlement Class.

- 4 -

21.    "Settlement Class" shall mean all class members defined by the Court in its Order of February 13, 2014 (Pacer Doc. 223) except for those that opt-out of the class and those who were erroneously included on the list provided by counsel for Defendant on or about March 2014.

22.    "Settlement Fund" refers to the total of Seven-Hundred Thousand Dollars ($700,000.00) that Defendant will pay pursuant to this Settlement, subject to the Court's approval and pursuant to the distribution detailed below in the Section III Terms of Settlement.

## II.    RECITALS

23.    On May 2, 2012 Plaintiffs Michael Burnham, Fernando Castillo, Neva Crawford, Ricky Crawford, Ted Day, John Gugler, Charles Howlett, Eduardo Jimenez, Bill McMahon, Jody Paulson, Robert Rojas, Todd Shook, Tony Skirrow, Dante Steward, filed with the Court, a proposed class action on behalf of themselves and all other similarly situated aggrieved employees who drive trucks for Defendant.

24.    In substance, the Complaint sought recovery of damages and penalties under California's Private Attorney General Act ("PAGA"), Unfair Competition Law ("UCL"), and specific provisions of the California Labor Code which, based upon the investigation of Plaintiffs' counsel, were reasonably believed to have been violated. Plaintiffs complained that they had been deprived of monies for performing certain work without compensation, including work done before and after shifts and time spent waiting for trucks; for failure to provide mandated timely meal and rest periods to truck drivers; for failure to pay truck drivers for missed and untimely meal and rest periods; for failure to reimburse Plaintiffs for necessary expenditures; for failure to issue accurate itemized wage statements and for failure to keep records, reports or information as

**AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS**

required by Labor Code §1174. Plaintiffs also alleged that Defendant's actions violated California's Unfair Competition Law.

25.     On August 16, 2013, the Court issued an order granting in part and denying in part, Ruan's motion for partial summary judgment. The Court concluded that Plaintiffs' meal and rest break claims are preempted by the *Federal Aviation Administration Authorization Act* of 1994 ("FAAAA").

26.     On August 16, 2013, the Court found that California minimum wage laws as applied to Defendants' compensation plan were also preempted by the FAAAA and granted Defendants' motion for summary judgment on claims 1, 2 and 3 to the extent that they are based on violations of California minimum wage laws.

27.     On August 30, 2013, the Court granted Plaintiffs' motion that Defendant violated California law by failing to provide Plaintiffs sufficiently itemized pay statements under California Labor Code §226. At that time the Court reserved judgment on the amount of PAGA penalties to be awarded on those insufficiently itemized wage statements.

28.     On November 18, 2013, the Court denied Defendants' motion for judgment on the pleadings with respect to Federal preemption and unconstitutionality of PAGA penalties. At that time the Court stated that no remedy has yet been decided nor has liability been decided on some claims and that the existence and boundary of the class have also not been decided, thus making the issue of remedy too speculative to be fit for decision as of that time. The Court also observed that Defendant suffered little hardship when this Court declines to decide about penalties yet because Defendant might never face them.

29.     Plaintiffs' second amended motion for class certification with regard to reimbursement for coolers or boots because Plaintiffs have not met their

**AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT
OF CLASS ACTION CLAIMS**

burden as to predominance of that reimbursement class.  At that time the court expressly stated that Defendants' arguments that the FAAAA preempts UCL, and that Plaintiffs are not entitled to waiting time penalties because the money they seek is not wages, can each be decided on a class wide basis.

30.     On April 5, 2014, the Parties attended a mediation session with Mark Rudy, Esq.  The Parties were able to reach tentative agreement regarding the claims for wage statement violations and reimbursement, and for all penalties or other recovery associated with those claims.  The Parties reserved their respective claims, defenses and further appeal rights, regarding the alleged meal and rest break violations and unpaid minimum wage claims.  The Parties now enter into this more detailed, formalized Settlement Agreement to submit  to the Court for preliminary and formal approval.

31.     On October 8, 2014, the Court reconsidered its Order of August 16, 2013, and denied summary judgment to Defendant based upon its reading that the Ninth Circuit decision in *Dilts v. Penske Logistics, Inc.*, 2014 US App LEXIS 17476 (9th Cir. 2014) applies even to interstate operations such as Defendant here.  However, the Defendant disagrees with the Court's decision and intends to appeal that finding to the Ninth Circuit. The Parties wish to proceed on the settlement that reached on April 5, 2014 with respect to the remaining claims.

32.     Defendant denies any liability or wrongdoing of any kind whatsoever associated with the claims in the Action, and further denies that, for any purpose other than settling this lawsuit, this Action is appropriate for class, collective action or representative treatment.  With respect to Plaintiffs' claims, Defendant continues to contend, among other things, that Defendant is governed exclusively by federal law on the claims

- 7 -

**AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT**
**OF CLASS ACTION  CLAIMS**

asserted by Plaintiffs, that it has complied at all times with the *Federal Fair Labor Standards Act* and/or the regulations of the Motor Carrier Safety Administration, and that it was not required to comply with the asserted California Wage and Hour Laws because federal law preempts state law. Further Defendant contends that even if it was required to comply with the California Wage and Hour Laws cited by Plaintiffs, Defendant has done so.

33.     It is the Parties' desire to fully, finally and forever settle compromise and discharge all disputes and claims which were or could have been alleged in the Action (had a reasonable basis for allegation been present) as a basis for PAGA penalties and relief under the UCL, other than the Excluded Claims. Class members, except for those who timely opt-out of the Action and Class, acknowledge that this Stipulation of Settlement is intended to release all claims that were or could have been raised in the action (except for any claims made prior to the Settlement), including but not limited to all claims of any nature related to the alleged failure by Defendant to provide truck drivers with itemized wage statements or to maintain required records or information, and reimbursements pursuant to the California Labor Code, including any and all damages, fines, penalties and costs associated therewith, including any such claims arising from or related to the allegations of this Action which the member of the Settlement Class does not know or suspect to exist in his or her favor against Defendant, during the Class Period. This release however, specifically does not encompass the Excluded Claims.

34.     It is the Parties' intention that this Stipulation of Settlement shall constitute a full and complete settlement and release of all claims, except for Excluded Claims, arising from or related to the allegations of this Action against Defendant which release includes in its effect all present

- 8 -

**AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT
OF CLASS ACTION CLAIMS**

and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, and predecessors, successors and assigns of Defendant, and any individual or entity which could be jointly liable with Defendant.

35.     It is further the Parties' intention that this Settlement shall not become effective, for failure of consideration, should more than 10% of the Class Members exercise their right to opt-out of this Settlement unless Ruan, in its sole discretion, elects to proceed with this Settlement.

36.     It is further the Parties' intention that this Settlement shall not become effective until the Court's order approving the Settlement is final, and there is no further recourse by an objector who seeks to contest the Settlement.

37.     Class Counsel has conducted a thorough investigation into the facts of this Action, including an extensive review of relevant documents and data and depositions of witnesses, and has diligently pursued an investigation of claims of the members of the Settlement Classes against Defendant. Based on its own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement with Defendant is fair, reasonable and adequate and is in the best interest of the Settlement Classes in light of all known facts and circumstances, including the risks of significant delay, and the defenses asserted by Defendant. Defendant and Defendant's Counsel also agree that the Settlement is fair and in the best interests of the Settlement Class.

38.     The Parties agree to cooperate and take all steps necessary and appropriate to consummate this settlement and to dismiss with prejudice all claims, except any Pending Claims, after all settlement sums have been paid out in accordance with this Stipulation of Settlement.

**AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS**

## III.    TERMS OF SETTLEMENT

39.    Subject to final approval by the Court, which counsel and the parties agree to recommend in good faith to the Court, and on the condition that more than 10 percent (10%) of the Class Members do not opt-out of this Settlement, with the proviso that this Agreement will be further memorialized in a formal written agreement, the parties hereby agree to the following binding settlement of the class action, *Burnham, et al. v. Ruan Transportation [appearing as Logistics Corporation] ("Ruan"), Case No. SACV12-0688 AG (ANx)* (U.S. Central District of California).

    a.    Gross Settlement Payments:

        1)  Ruan will pay up to a total of Seven-Hundred Thousand Dollars ($700,000.00) ("Gross Settlement Amount") to settle all claims which were made or could have been made except for Excluded Claims in this case except for Excluded Claims.  This is not a claims made settlement.  However, any remainder from uncashed settlement checks will revert to Ruan.

        2)  The Gross Settlement Amount shall include: payments to class members; attorneys' fees, costs and expenses of Class Counsel relating to the settled claims, as well as all such fees and costs incurred in documenting the settlement, securing trial court approval of the settlement; administering the settlement and obtaining a dismissal of the action; any incentive/bonus payment for the class representatives; the payment to the State of California Labor Workforce and Development Agency ("LWDA") under the Labor Code Private Attorneys General Act ("PAGA"), and all costs of settlement administration.

- 10 -

b.   <u>Attorneys' Fees and Costs</u>:

    1) Subject to the Court's approval, Ruan and its counsel will not oppose an award of attorneys' fees in the amount no more than Three Hundred Twenty-Five Thousand Dollars ($325,000.00) and costs of no more than approximately Fifteen Thousand Dollars ($15,000.00). Ruan will issue to Class Counsel an IRS Form 1099 for their award of attorneys' fees and costs. Should the Court decide to award less than the stipulated amount as attorneys' fees, any unawarded amounts shall reduce the amount of monies paid by Defendant in recognition of Defendant's financial issues previously disclosed to the Court and the relatively greater importance of the Excluded Claims.

c.   <u>LWDA Payment</u>:

    1) One-Hundred Thousand Dollars ($100,000.00) will be paid from the Gross Settlement Amount to the Labor and Workforce Development Agency ("LWDA") for the State's share of the PAGA claims released below.

d.   <u>Distributions to Class Members and Class Counsel</u>:

    1) The Settlement Administrator will distribute, after the Settlement is formally approved by the Court, payments to each class member who does not opt-out as follows:

    2) Subject to Court approval, the sixteen (16) named Plaintiffs ("Class Representative Plaintiffs") will each receive Service Awards in the amount of Five Thousand Dollars ($5,000.00) for a total of Eighty Thousand Dollars ($80,000.00), in addition to any payment they are otherwise entitled to as class members. These Service Awards recognize the rolls the

- 11 -

Plaintiffs have served in creating the Gross Settlement Amount and is in exchange for a general release of their individual claims, except for the Excluded Claims.

3) After deducting for the amount of attorneys' fees and costs and expenses, the Service Award payments to the class representatives, the payments to the named Plaintiffs who are not class representatives, the payment to the LWDA under PAGA, and the estimated costs of administration (estimated at Ten Thousand Dollars [$10,000.00]), the remainder of the Gross Settlement amount ("Net Settlement Amount") will be distributed to class members equally. It is anticipated that the net fund available for payment of claims by class members will be approximately One Hundred Seventy Thousand Dollars ($170,000.00).

4) After preliminary approval, Ruan will provide Class Counsel and a mutually agreed upon settlement, the names, addresses, social security numbers and work week information of all class members during the class period. The settlement administrator will use this information to facilitate notice and administration of the settlement. Each class member will be fully advised of the settlement. Each class member will have the opportunity to challenge Ruan's data, and a neutral independent arbitrator agreed to by the parties will decide any such challenge after consulting with Class Counsel and Ruan's counsel; provided however, that any such challenge shall not increase the Gross Settlement Amount.

**AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT
OF CLASS ACTION CLAIMS**

5) Each notice will list the distribution per during the covered time period covered time frame that the class member held a class position in California according to Ruan's records.

6) Each class member will have an opportunity to file an opt-out form for a share of the settlement, and will have 45 days from the notice mailing to do so. This is not a claims-made settlement. Each class member also will have 45 days from the date of mailing to object to the proposed class action settlement.

7) Upon preliminary approval, Ruan will pay to the Settlement Administrator the Gross Settlement Amount, which will be held by the Administrator in a low-risk interest bearing account. The Settlement Administrator will hold the money and distribute to the plaintiff and class member payments the LWDA payments, and the payments for attorneys' fees and costs 10 calendar days after final approval of the settlement. If the settlement is not finally approved, the administrator will hold the funds until the Court decides the proper allocation of the Gross Settlement Payments.

8) The Settlement Administrator shall use standard skip tracing devices to obtain forwarding addresses and forward returned mail. The Settlement Administrator shall use its best efforts to find an updated address within five (5) calendar days of receipt of returned mail. The Settlement Administrator shall resend within five (5) calendar days the Notice of Proposed Settlement to any updated address. Upon completion of these steps, the parties shall be deemed to have satisfied their

- 13 -

AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT
OF CLASS ACTION CLAIMS

obligation to provide the Notice of Proposed Settlement to the affected members of the Settlement Classes.

9) Class members shall have 180 days to cash their settlement checks.  Upon the expiration of the 180 days, all unclaimed funds and uncashed checks will revert to Ruan, again in recognition of its financial difficulties.

e.   Release of Claims:

1) Each class member who has not opted out shall release any and all claims against Ruan, its parents, subsidiaries and affiliates, stated in the Complaint through final approval, except for the Excluded Claims, which shall not be covered by the Release.

f.   Fair, Adequate and Reasonable Settlement:

1) The parties agree that the settlement is fair and reasonable and will so represent to the Court.

2) Each of the undersigned represents the he or she has the advice of counsel, has authority to sign on behalf of his or her principal, and understands that this agreement is final and binding, enforceable under California Code of Civil Procedure §664.6 and corresponding federal law, and subject only to the approval by the Court and the process of payment and dismissal as set forth above.

## IV.   NOTICE OF THE SETTLEMENT CLASSES

40.   A Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Court Approval ("Notice of Proposed Settlement"), in substantially the form attached hereto as Exhibit "A," shall be sent by Plaintiffs' Counsel to the Settlement Class by first class mail within ten (10) calendar days of preliminary approval of this Settlement by the Court.

**AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS**

If a Notice of Proposed Settlement is returned as non-deliverable with no forwarding address, Plaintiffs' Counsel shall use their best efforts to find any updated address. Upon completion of these steps, the parties shall be deemed to have satisfied their obligations to provide the Notice of Proposed Settlement to the affected members of the Settlement Classes.

41.    Plaintiffs' Counsel shall provide to the Court, at least fifteen (15) calendar days before the Final Approval Hearing, a declaration of due diligence and proof of mailing with regard to the mailing of the Notice of Proposed Settlement.

## V.    REQUESTS FOR EXCLUSION

42.    Each Class Member who chooses to opt-out of the class shall have (45) calendar days from the mailing of the Notice of Proposed Settlement within which to postmark a written request for exclusion, for return to Defendant's Counsel. The request need not be in any particular form and will be considered a valid request for exclusion so long as it communicates a clear desire by the Class member not to be included in the Settlement and/ or to opt-out. No requests for exclusion shall be accepted if postmarked after the 45 calendar day period for the filing of exclusions. Settlement Class Members who choose to opt-out are responsible to maintain a photocopy of their request for exclusion, reflecting that it was submitted in a timely manner. Any disputes regarding the timeliness of a request for exclusion or whether a written communication constitutes a valid request that cannot be resolved between the Parties shall be determined by the Court, whose determination shall be final.

## VI.    OBJECTIONS TO THE SETTLEMENT

43.    Any member of the Settlement Class wishing to object to the approval of this settlement ("Objecting Class Member") shall inform the Court and

- 15 -

**AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS**

the Parties in writing of his or her intent to object by following the
procedure set forth in the Notice of Proposed Settlement no later than
forty-five (45) calendar days, or such number of days as the Court shall
specify, before the date of the Final Approval Hearing.

44.     Any member of the Settlement Class who fails to timely file such a
written statement of his or her intention to object shall be foreclosed from
making any objection to this settlement or from filing an appeal to the
Court's Final Order and Judgment unless otherwise ordered by the Court.

45.     Counsel for the Parties shall file any response to the objections
submitted by Objecting Class Members, if any, at least seven (7) calendar
days before the date of the Final Approval Hearing.

## VII.   RELEASE BY THE SETTLEMENT CLASSES AND CLASS REPRESENTATIVES

46.     Upon final approval by the Court of this Stipulation of Settlement, and
as to such rights or claims as may be created by this Stipulation of
Settlement, each member of the Settlement Class who has not submitted a
valid request for exclusion, fully releases and discharges Defendant, its
past, present and future parent companies, subsidiaries, related or affiliated
companies, its shareholders, officers, directors, employees, agents,
attorneys, insurers, predecessors, successors and assigns, and any
individual or entity which could be jointly liable with Defendant
(hereinafter, the "Released Parties"), from any and all claims, debts,
liabilities, demands, obligations, guarantees, costs expenses, attorneys'
fees, damages, action or causes of action of any nature for, or which relate
to, the Plaintiffs' claims that were  or could have been  as raised in the
Action, including claims for any other federal, state, or local law, statute or
regulation regarding the claims alleged in this case, including, without
limitation, all claims for restitution and other equitable relief, conversion,

liquidated damages, PAGA penalties, punitive damages, waiting time penalties, fines or penalties of any nature whatsoever, other compensation, attorneys' fees and costs, or any other relief from any other suit, class or collective action, or administrative claim, for the time period of May 2, 2008 through the present.  The Settlement Class does not release the Excluded Claims or its right to appeal any summary judgment or other dismissal of their meal/rest break and minimum wage claims due to FAAAA or other federal preemption (Excluded Claims).

47.     In addition to the release made by the members of the Settlement Classes set forth in Paragraph 41, above, the Class Representatives, upon final approval, make the additional following general release of all claims, known or unknown.  The Class Representatives release the Released Parties from all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been, whether in tort, contract, or for violation of any state or federal statute, rule or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the Released Parties committed or omitted prior to the execution hereof with the sole exception of any claims which cannot be release as a matter of law. (The release set forth in this Paragraph 47 shall be referred to hereinafter as the "General Release".)  The General Release includes any unknown claims, the Class Representatives do not know or suspect to exist in their favor at the time of the General Release, which, if known by them, might have affected their settlement with, and release of, the Released Parties by the Class Representatives or might have affected their decision not to object to this Settlement or the General Release.  The General Release does not include the Excluded Claims.

AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT
OF CLASS ACTION  CLAIMS

## VIII.   DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

48.    The Parties shall promptly submit this Stipulation of Settlement to the Court in support of their Joint Motion for Preliminary Approval and determination by the Court as to whether the proposed Settlement is within the range of possible judicial approval.  Promptly upon execution of this Stipulation of Settlement, the Parties shall apply to the Court for the entry of an order substantially in the following form:

a.    Scheduling of the Final Approval Hearing on the question of whether the proposed Settlement, including payment of attorneys' fees and costs and the Class Representatives' Service Payments should be finally approved as fair, reasonable and adequate as to the members of the Settlement Classes;

b.    Certifying the Settlement Classes;

c.    Approving the manner and method for the members of the Settlement Class to request exclusion from the Settlement as contained herein and within the Notice of Pendency of Class Action and Proposed Settlement;

d.    Directing the mailing of the Notice of Pendency of Class Action and Proposed Settlement by first class mail to the members of the Settlement Classes;

e.    Preliminarily approving the Settlement, the election of more than 10% of the Class Members to opt-out of this Settlement and the election by Ruan to withdraw from this Settlement, subject only to the objections of the members of the Settlement Classes and final review by the Court; and

f.    Enjoining Plaintiffs and the members of the Settlement Classes from filing or prosecuting any claims, suits or administrative proceedings regarding the Released Claims, unless and until such

- 18 -

AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT
OF CLASS ACTION CLAIMS

members of the Settlement Classes have submitted valid Requests for Exclusion with Defendant's Counsel and the time for submitting such requests has elapsed.

49.     Following final approval by the Court of the settlement provided for in this stipulation of Settlement, the Parties shall submit a proposed Final Order and Judgment in approximately the following form:

     a.    Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions including the approval of Class Counsel's application for an award of attorneys' fees and costs and the Service Payments to the Class Representatives; and

     b.    Entering Judgment consistent with this Settlement on the merits and with prejudice, and permanently barring and enjoining all members of the Settlement Classes from prosecuting against Defendant, its past, present or future parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agent, attorneys, insurers and predecessors, successors and assigns, and any individual or entity which could be jointly liable with Defendant, any of the Released Claims, upon satisfaction of all payments and obligations hereunder.

## IX.     PARTIES AUTHORITY

50.     The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto, including the Settlement Class Members, to the terms and conditions thereof.

## X.     PARTIES' AUTHORITY

51.     The parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including, but not limited to,

AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT
OF CLASS ACTION CLAIMS

execution of such documents and taking such action as reasonably may be necessary to implement the terms of this Stipulation of Settlement. The Parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein. As soon as practicable after execution of this Stipulation of Settlement, Counsel shall, with the assistance and cooperation of each other, take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

52.     The Parties and their respective counsel agree that they will not attempt to encourage or discourage Settlement Class Members from filing Requests for Exclusion.

## XI.     NO PRIOR ASSIGNMENTS

53.     The Parties and their respective counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity and portion of any liability. Claim, demand, action, cause of action or right herein released and discharged except as set forth herein.

## XII.    NO ADMISSION

54.     Nothing contained herein, nor in the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant. Each of the parties hereto has entered into this Stipulation of Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

**AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT
OF CLASS ACTION CLAIMS**

## XIII.   ENFORCEMENT ACTIONS

55.   In the event one or more of the parties to this Stipulation of Settlement institutes any legal action or other proceeding against any other party or parties to enforce or avoid the provisions of the Stipulation of Settlement or to declare rights or obligations under this Stipulation of Settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs including expert witness fees incurred in connection with any enforcement actions.  All such disputes shall be resolved by the Court.

## XIV.   NOTICES

56.   Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States Registered or certified mail, return receipt requested, addressed as follows:

Plaintiffs, the Settlement Classes and Class Counsel:

Aashish Y. Desai, Esq.

Desai Law Firm, P.C.

3200 Bristol Street, Suite 650

Costa Mesa, CA  92626


To Defendant and Defendant's Counsel:

Cynthia E. Gitt, Esq.

Brown Gitt Law Group, ALC

300 North Lake Avenue, Suite 200

Pasadena, CA  91101

- 21 -

## XV.     CONSTRUCTION

57.     The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the Parties with the assistance of a neutral mediator, and this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Stipulation of Settlement.

## XVI.     CAPTIONS AND INTERPRETATIONS

58.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Stipulation of Settlement or any provision of it. Each term of this Stipulation of Settlement is contractual and not merely a recital.

## XVII. MODIFICATION

59.     This Stipulation of Settlement may not be changed, altered or modified, except in writing and signed by the Parties hereto and approved by the Court. This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## XVIII.  INTEGRATION CLAUSE

60.     This Stipulation of Settlement, and the Exhibits attached hereto and incorporated herein by reference, contain the entire agreement between the Parties relating to the settlement and the transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT
OF CLASS ACTION CLAIMS

### XIX.   BINDING ON ASSIGNS

61.     This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

### XX.   CLASS MEMBER SIGNATORIES

62.     It is agreed that because the members of the Settlement Class are numerous and frequently difficult to contact or be available due to work commitments, it is impossible or impracticable to have each member execute this Stipulation of Settlement.  The Notice of Pendency of Class Action and proposed settlement, Exhibit "A" hereto, will advise the Settlement Class of the binding nature of the release and the release shall have the same force and effect as if this Stipulation of Settlement were executed by each member.

### XXI.   COUNTERPARTS

63.     This Stipulation of Settlement may be executed in counterparts and by facsimile signatures, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement binding upon and effective as to all parties.

IN WITNESS HEREOF, the Parties hereto knowingly and voluntarily executed this Joint Stipulation of Settlement and Release between Plaintiff and Defendant as of the date(s) set forth below.

AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT
OF CLASS ACTION  CLAIMS

1    DATED:  November 18, 2014          BROWN GITT LAW GROUP, ALC

2                                        By:    /s/ Cynthia E. Gitt
3                                               CYNTHIA E. GITT
4                                               LAWRENCE L. YANG
                                                Attorneys for Defendant
5                                               RUAN LOGISTICS
                                                CORPORATION
6

7
8    DATED:  November 18, 2014          DESAI LAW FIRM, P.C.

9                                        By:    /s/ Aashish Y. Desai
10                                              AASHISH Y. DESAI
                                                Attorney for Representative
11                                              Plaintiffs and Class Members

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AMENDED JOINT STIPULATION AND SETTLEMENT AGREEMENT
OF CLASS ACTION  CLAIMS**